C. H. ATHERTON, Executor of J. ATHERTON,

*vs.*

FLAGG and PARKER, Administrators of J. PARKER.

Claims allowed by Commissioners against an estate represented insolvent are considered as judgment debts, and being such, no plea founded on the merits of the original contract can avail.

An action of debt for the recovery of such claim is not an action of debt on "any lending or contract," without specialty: and is not within the limitation of six years.

All the real and personal estate of a deceased person constitute a fund in the hands of the administrator for the payment of debts, and are to be by him reduced to cash for that purpose. And every claim against an estate represented insolvent, of every nature, whether by the terms of the contract, it be due *in presenti* or *in futuro*, is considered as due and payable, and is to be allowed against the estate at its value in money.

THIS was an action of debt, in which the plaintiff declared, that at a Probate Court holden by and before Joseph Randall, Esq. Judge of the Court of Probate within and for the District of Rutland, at Clarendon in said District, on the 26th day of July, 1808, the said Ebenezer and Rufus were by said Court duly appointed administrators upon the estate of the said Jonathan, and on the day and year last aforesaid, at Clarendon aforesaid, represented to the said Judge of Probate, that the estate of the said Jonathan was insolvent and insufficient to pay the just debts and legal charges against said estate : Whereupon the said Judge of Probate, at Clarendon aforesaid, did appoint Thomas Stewart, Moses Chaplin, and Jonas Paige, Commissioners to receive and examine the claims of the several creditors which might be presented against said estate, and allowed six months from the said 26th day of July, 1808, for the creditors of said estate to exhibit and substantiate their claims to said Commissioners, and the said Jonas, Thomas and Moses, &c. appointed Commissioners as aforesaid, afterwards, to wit, at Rutland aforesaid, on the 2d Monday of February, 1809, duly returned into the office of the Register of Probate for said District a list of the claims by them allowed against said estate, amounting in the whole to $15,195 24, among which was a claim allowed to the said Joshua in his life-time, at the sum of $277 65—the above demand against the estate of said Jonathan, and the said return was by the

8

*Rutland,*
*February,*
*1825.*

Atherton
*vs.*
Flagg and
Parker.

said Judge of Probate on the day and year last aforesaid at Rutland aforesaid, examined, allowed, approved, and ordered to be recorded ; all which will more fully and at large appear by the record, return and files, and proceedings of record before said Court of Probate now remaining. And the plaintiff further says, that at a Probate Court holden at Rutland, within and for said Probate District, on the 4th Monday of November, A. D. 1809, before the Hon. Joseph Randall, Esq. Judge of Probate for said District, on the application of Isaac Eddy and Jonas Stone, creditors to the estate of the said Jonathan for an order or claim on the defendants, administrators as aforesaid, that they pay the debts against the estate of the said Jonathan, as returned by the said Commissioners appointed to receive and examine the claims against said estate, and said defendants, administrators as aforesaid, having been duly notified to appear, and showing no sufficient cause to the contrary, it was ordered and decreed by said Judge, that said defendants, administrators as aforesaid do pay the debts of the said deceased in eighteen months from the day of the return of the Commissioners of the list of claims against said estate, and the defendants, administrators as aforesaid, afterwards, to wit, at a Probate Court holden at Rutland aforesaid, on the 2d Monday of January, 1810, before the Hon. Caleb Hendee, Jr. Judge of Probate for said District, and within sixty days from the making said order or decree, prayed for and were admitted to an appeal from said order or decree, to the Supreme Court of Judicature, then next to be holden at Rutland, within and for the County of Rutland, on the Tuesday next following the 4th Tuesday of January, 1810, and said appeal being duly entered on the docket of the Supreme Court at their term aforesaid, such further proceedings were had in said suit of appeal that afterwards, to wit, at the term of the said Supreme Court begun and held at Rutland aforesaid, on the Tuesday next following the 4th Tuesday of Jan. 1812, that the said order and decree of said Court of Probate was affirmed and ratified by said Supreme Court, all which will appear by the records and proceedings of said Supreme Court before said Court remaining. And the plaintiff in fact saith, that said order or decree so affirmed and ratified by said Supreme Court as aforesaid, is now in full force, and is in no way reversed or annulled. That said claim of said Joshua, a creditor to the

Rutland,
February,
1825.

Atherton
vs.
Flagg and
Parker.

estate of said Jonathan Parker, was not paid by said defendants to said Joshua in his life-time, nor has the same been paid to him the plaintiff as executor as aforesaid, since the death of the said Joshua, but that the same is still due and owing to the plaintiff as executor as aforesaid, and that the time affixed by the said order and decree of said Judge of Probate for the defendants, administrators as aforesaid, to pay the debts found due against the estate of said Jonathan, ratified and affirmed as aforesaid by the said Supreme Court of Judicature, has long since expired. And that he, the plaintiff, executor as aforesaid, on the 15th day of May, 1812, at Clarendon aforesaid, applied to the defendants, administrators as aforesaid, for payment of the said sum of $277 65 allowed as aforesaid to the said Joshua in his life-time against the said estate of the said Jonathan, who have refused and still do refuse and neglect to pay : Whereby an action hath accrued to the plaintiff as executor as aforesaid to have and recover of the defendants' administrators as aforesaid, the aforesaid sum of $277 65 above demanded. Yet the defendants' administrators as aforesaid, though often requested, have not as yet paid the said sum of $277 65, or any part thereof, to the said Joshua in his life-time, nor to the plaintiff, executor as aforesaid, since the decease of the said Joshua, but the said defendants, administrators as aforesaid, have hitherto wholly refused and still do refuse to pay the said sum of $277 65, or any part thereof, to the plaintiff, executor as aforesaid. To the damage of the plaintiff, executor as aforesaid, the sum of $400 ; to recover which, and the debt aforesaid, with just costs, he brings this suit, and the plaintiff brings into Court here the letters testamentary of the said Joshua deceased, whereby it fully appears to the Court here, that the plaintiff is executor of the last will and testament of the said Joshua deceased, and hath the execution thereof.

The defendants prayed oyer of the return of the Commissioners, allowing the claim aforesaid to the said Joshua in his life-time, which was read to them in the words and figures following, to wit : Joshua Atherton exhibited a note of the following tenor, to wit :

" October, 25th, 1794.

" For value received I promise Joshua Atherton to pay him or order the sum of one hundred and fifty dollars in good land in the County of Rutland and State of Vermont, at a reasonable appraise-

*Rutland,*
February,
1825.

Atherton
*vs.*
Flagg and
Parker.

ment, (if we cannot agree) with good title, in one week after the said Joshua, or his agent, or any body duly authorized under him, shall request the conveyance of the same, provided the request be made to me the subscriber personally, or my assignees at Clarendon in said State, with interest for said sum till discharged as aforesaid.                    "JONATHAN PARKER, Jr."

On which we allow two hundred and seventy-seven dollars 65 cents, including the interest to the 2d of January, 1809—$277 65. Which being heard and read, the defendants say that they do not detain the same sum of money from the plaintiff in manner and form as he has alleged, and thereof put themselves on the Country for trial. And for further plea in this behalf, by leave of the Court for that purpose had and obtained, The defendants say that the said cause of action did not accrue either to the said Joshua in his lifetime, or to the said Charles as executor as aforesaid, at any time within six years before the commencement of the suit of the said Charles H. against them the defendants in this behalf in manner and form as the said Charles H. hath above thereof complained against them the defendants, and this they are ready to verify: Whereupon they pray judgment if the said Charles H. executor as aforesaid ought to have or maintain his aforesaid action against them the defendants. And for further plea in this behalf, the defendants say that the said Jonathan Parker in his life-time, to wit, at Clarendon aforesaid, on the 25th day of October, A. D. 1794, made, executed, and delivered to the said Joshua Atherton a certain note in writing of that date, a copy of which is here shown in oyer, whereby the said Jonathan in his life-time promised the said Joshua in his life-time to pay to him or order the sum of one hundred and fifty dollars in good land in the County of Rutland and State of Vermont, at a reasonable appraisement, if they the said Jonathan and Joshua could not agree, with good title, in one week after the said Joshua or his agent, or anybody authorized under him, should request the conveyance of the same, provided the request should be made to the said Jonathan personally, or to his assignees at Clarendon in the State of Vermont, with interest for said sum until discharged as aforesaid; and the defendants in fact say, that the said Jonathan Parker in his life-time, from the time of

Rutland,
February,
1825.

Atherton
vs.
Flagg and
Parker.

making and executing said note, to the time of his decease was ready and willing, and the defendants as administrators as aforesaid, have at all times been ready and willing to pay the said Joshua in his life-time, and the plaintiff as executor as aforesaid, since his decease, the sum aforesaid, in good land in the County of Rutland aforesaid, at a reasonable appraisement, with good title, agreeable to the tenor of said note or contract; yet the said Joshua in his life-time, or the said Charles H. as executor as aforesaid, since his decease, or their or either of their agents, or any person authorized under them or either of them did not request the said Jonathan in his life-time, or the defendants, administrators, of the said Jonathan or the heirs of the said Jonathan, either personally or otherwise, at Clarendon aforesaid, or elsewhere, to convey said land.  And the defendants further aver, that the said note or contract is the same note or contract which the said Joshua in his life-time exhibited to the Commissioners appointed to receive and examine the claims of the creditors to the estate of the said Jonathan Parker, and which was allowed to the said Joshua as set forth in the plaintiff's declaration, and in the return of the Commissioners, and which the plaintiffs have shown in oyer as aforesaid, and this they are ready to verify.    Whereupon they pray judgment if the plaintiff ought to have and maintain his action aforesaid against them the defendants.

To the plea in bar there was a general demurrer.

*Page* for the plaintiff.

*Langdon* for the defendants.

AIKENS J. delivered the opinion of the Court.

The sufficiency of the defendants' first plea in bar, depends wholly upon the existing character of the plaintiff's demand. For, it is admitted in the argument, as well as implied by the terms of the plea itself, that if the report of the Commissioners, upon which the present suit is brought, possesses the character and attributes of a judgment debt, this plea is insufficient.    Its rea character will sufficiently appear, from a consideration of the question presented by the demurrer to the second plea in bar.

The defendant's second plea in bar can be sustained upon no other ground, than that the plaintiff's cause of action, notwith-

*Rutland,*
February,
1825.

Atherton
*vs.*
Flagg and
Parker.

standing the adjudication of Commissioners thereon, the decree of the Judge of Probate approving the same, the order of payment thereof, and the affirmance of that order by the Supreme Court, still retains its primary character, and is liable to be satisfied in the same manner that it was by the terms of the original contract. The fallacy of such a principle will be obvious, on a slight recurrence to the provisions of the Probate act of 1797, under which these proceedings were had.

The discretionary power of *representing* an estate insolvent is lodged solely with the executor or administrator. When *he* has made his election, it becomes the duty of the Judge of Probate to appoint Commissioners to receive, examine and adjust *all* claims of the creditors of such estate. The distinction between an apparent and an absolute insolvency, has never been recognized in this State, nor does it appear to have been contemplated by the act above mentioned. All the provisions for subsequent proceedings upon an estate represented insolvent, treat it as absolutely so, whatever may be the result in point of fact. Attachments are thereby dissolved. (Proviso to section 58.) All demands against an estate represented insolvent not exhibited to the Commissioners for allowance within the time limited for that purpose, are forever barred, unless the creditor can find some estate of the deceased not inventoried, or accounted for by the administrator. (Section 83.) All the real and personal estate of a deceased person, of which he died seized in fee simple, when represented insolvent, compose a fund in the hands of the administrator for the payment of the debts, and are to be, by him, reduced to cash for that purpose. The law will not permit any of the estate to be taken from him by legal process; neither can he dispose of any, without a breach of his administration bond, except under the statute, and in pursuance of the orders and decrees of the Probate Court.

These are the necessary consequences of representing an estate insolvent, under the statute, and are totally inconsistent with the idea that the contracts of the deceased can survive the *representation* of his insolvency, with a view to their specific execution by his representatives. The administrator, by this representation, empounds the estate, as it were, for the equal benefit of all the

creditors, and places it out of his own power, in contemplation of law, to fulfil any contract specifically.

The reports of Commissioners of claims, when approved by the Court of Probate, are to be paid in specie, and that too, only upon and by virtue of a decree of the Court of Probate for that purpose; which is tantamount to execution in ordinary cases of judgments at law.   Hence the great propriety, and, indeed, we may add, legal necessity of treating them as judgment debts. They have, before, been decided to possess that character. (Bray. R. 41.   1 D. Chip. R. 423 )   They have uniformly, at least for a considerable time, been sued as such, in case of non-payment under the decree.   And, being such, no plea founded on the merits of the original contract can avail the party.

Atherton
*vs.*
Flagg and
Parker.

It has been urged in the argument, by the defendants' counsel, that a construction of the statute, making *debt. solv. in fut.* payable *in pres.* would be unconstitutional.   But this is not a proper view of the case.   The law regards the obligations and contracts of a deceased person, whose estate is represented insolvent, as *impossible* to be fulfilled.   And, they are, like the debts of a bankrupt, to be ascertained by the Commissioners, at their then present value, with a view to an equitable satisfaction out of the estate so far as it will go.

The reason why a construction thus affecting a subsisting contract between party and party, would be unconstitutional, is, that the existing rights of one of the parties would be injured or prejudiced thereby.   But in these cases, there are, in the eye of the law, no existing rights to be impaired.   The deceased has none; for civil rights do not appertain to the dead.   His heirs have none; for the law cannot presume there will be any estate to descend to them : And as for creditors, their rights are secured in the best manner the nature of the case will admit of.

The judgment, therefore, is, that the defendants' two pleas in bar to which the plaintiff has demurred, are insufficient.