Chittenden,
December,
1825.

·EDWARD JONES, appellant, *vs.* AMOS B. COOPER, *administrator of James Stevens, jr. deceased,* appellee.

A bond of indemnity, the condition of which has not been broken, is not a claim which can be proved before the commissioners upon the estate of the obligor, when represented insolvent, notwithstanding the condition may thereafterwards be broken, and the obligee damnified.

It is essential to a claim allowable by commissioners, that it be absolute, and that it do not depend upon a contingency which may never happen. It must be *debitum in præsenti,* although it may be *solvendum in futuro,* and uncertain in the amount:

What will amount to a breach of a bond of indemnity, and how it must be assigned.

Where the condition of a bond is to do a thing *when thereto requested,* the request is a part of the condition—a traversable fact, and must be averred with all necessary circumstances of time and place.

THIS was an appeal from a report of commissioners. *Stevens,* the deceased, on the 19th of January, 1819, was appointed guardian to one *Nancy Brewster,* and gave a bond to the judge of probate, conditioned for the faithful performance of the duties of said trust, which *Jones* signed, as surety. The bond on which *this claim* was founded, was executed by *Stevens* to *Jones,* to indemnify him against the bond on which he was surety.— *Stevens* received $300, the property of his ward, and died without accounting for the same. His estate was represented insolvent, and commissioners appointed thereon, who allowed to the ward $280,88, on account of said property. *Jones,* also, presented a claim founded on said bond of indemnity, which was disallowed by the commissioners. He thereupon prayed an appeal, and filed with the probate court the following declaration of his claim, according to the provision of the statute, which, together with the appeal, was duly certified to this court.

And the said *Edward Jones* hereby declares against the administrator on the estate of the said *James Stevens, jr.* in a plea that to the said *Edward Jones* the said administrator render the sum of one thousand dollars, which the said administrator unjustly detains from the said *Edward Jones,* for that whereas the said *James Stevens, jr.* in his lifetime heretofore, to wit, on the thirtieth day of March, one thousand eight hundred and twenty, by his certain writing obligatory, signed with his hand and sealed with his seal, and here ready in Court to be seen, the date of which is the same day and year last aforesaid, acknowledged himself to be holden and firmly bound unto the said *Edward Jones* in the sum of one thousand dollars, above demanded, to be paid to the said *Edward Jones* when he the said *James Stevens, jr.* should be thereto afterwards requested. Yet the said James Stevens, jr. though often requested in his life time, has never paid the said sum of one thousand dollars, nor any part thereof, but wholly neglected and refused so to do, nor has the said administrator of the said *James,* since the decease of the said *James,* though often requested to pay the same, ever paid the same or any part thereof, but wholly refuses, which is to the damage of the said *Edward,* as he says, one hundred dollars, to recover which said damages and his said debt, this suit is brought.

Chittenden,
December,
1825.

Jones
vs.
Cooper.

And the said *Amos B. Cooper*, administrator as aforesaid, by *Wm. Brayton*, his attorney, comes and defends the wrong and injury, when, &c. and craves oyer of the condition of the said writing obligatory, and it is read to him as follows: "The condition of the above obligation is such, that whereas, the above bounden *James Stevens, jr.* did on the 19th day of January, A. D. 1819, take out a letter of guardianship for *Nancy Brewster*, of Richmond aforesaid, and executed a bond to *Jabez Penniman*, then judge of probate for the district of Chittenden, for the faithful performance of the trust reposed in him, as guardian for the said *Nancy*, and whereas the above named *Edward Jones* signed the said bond, as surety for the above bounden *James Stevens, jr. Now if the above bounden James Stevens, jr. shall well and faithfully account with the judge of probate for all such money or property as has already or may hereafter come into his hands, belonging to the said Nancy Brewster, together with the lawful interest thereon, at any time when he may be thereto requested by the said judge of probate, or his successors in office, and shall well and truly indemnify and save harmless the said Edward Jones, his heirs* and assigns from all cost or expense whatever that has or may hereafter arise, or in any possible way accrue to the said *Edward Jones*, by reason of being surety as aforesaid, then this obligation to be void; otherwise to be and remain in full force and effect in law." And now the said *Amos B. Cooper* pleads and says, that the said *Edward Jones* ought not to have or maintain his action aforesaid, thereof against him, as administrator as aforesaid, because he says no account hath ever been required of him according to the tenor of said bond, and that the said Edward Jones hath not at any time since the making of the said writing obligatory and condition thereof, hitherto been in any way damnified by reason or means of any matter, cause or thing in said condition contained. And this he is ready to verify, wherefore he prays judgment, &c.

The defendant also pleaded a second plea in bar, to which there was a demurrer.

To the first plea in bar above recited, the plaintiff replied as follows:

And now the said *Edward*, in reply to the plea of the said defendant, so by him first pleaded in bar as aforesaid, says, that for any thing in said plea contained, he ought not to be precluded from having and maintaining his said action thereof, because he says that the said *James Stevens, jr.* after his appointment as such guardian as aforesaid, did receive divers large sums of money, to wit, the sum of five hundred dollars, which came into his hands and possession as such guardian, the proper goods and chattels of said *Nancy Brewster*, and that the said *James* did not, during his life, account therefor with the judge of probate, when by said judge of probate thereto required and demanded, but thereof made default; and at the time of his decease there remained in his hands, not by him accounted for, the sum of three hundred dollars, by reason of which, the said *Edward*

became, was, and is liable upon his said bond to said court of probate, for the said sum for which said *Stevens* was in arrear; and so the conditions annexed to the bond of the said *James* to the said *Edward* have not been performed, and said bond has become forfeited. And this he is ready to verify; wherefore he prays judgment, &c.

To this replication there was a demurrer, and joinder in demurrer.

After argument, the following opinion of the Court was pronounced by

PRENTISS, J. This is an appeal from the determination of commissioners, appointed to receive and allow claims against an estate represented insolvent; and the general question arising in the case is, whether the pleadings show a demand in favour of the appellant, which he is entitled to an allowance of against the estate.

By the act, regulating the settlement of testate and intestate estates, (*Comp. stat. ch.* 44, *sec.* 89, 92) the commissioners on an insolvent estate are to receive, adjust, and allow all claims and demands against such estate, whether due and payable at the time, or payable at a future day. Without entering at large into the inquiry, what demands may or may not be proved against an insolvent estate, under these provisions of the statute, it is sufficient for the purposes of this case, to say, that where there is no subsisting debt or duty, or where the claim, if payable or to be satisfied at a future day, rests in contingency, and it is uncertain whether or not any demand will accrue, it cannot be allowed. There must be a present debt or duty, or a demand *in præsenti*, payable, or to be satisfied at all events *in futuro*. In the administration of assets in England, although an obligation for the payment of money absolutely at a day certain, though at a future time, may be pleaded to an action brought by a simple contract creditor, yet a contingent security, as a bond to save harmless, if the contingency has not taken place, cannot be pleaded. (11 *Vin. Abr.* 305,—*Goldsmith* vs. *Sydnor, Cro. Car.* 363.—*Harrison's case,* 5 Co. 28.—*Buckland* vs. *Brock, Cro. Eliz.* 315.) A similar principle prevails in the proof of claims under commissions of bankruptcy. It is settled, that where a bond is conditional, and not forfeited, and it rests in contingency whether or not there will be a demand against the bankrupt, it cannot be proved under the commission. (*Alsop* vs. *Price, Doug.* 160.— *Hancock* vs. *Entwistle,* 3 *T. R.* 435.—*Dobson* vs. *Lockhart,* 5 *T. R.* 133) In cases of insolvent estates, where there is no present duty, and it depends on some future event, whether or not a demand will arise, it is obvious that no claim exists which can be proved before the commissioners. The mere uncertainty of the sum claimed, provided there is a legal remedy, or a demand *in præsenti*, although to be satisfied *in futuro,* will not deprive the creditor of relief against the estate under the commission. As the commissioners are authorized to receive and adjust all

Chittenden,
December,
1825.

Jones
vs.
Cooper.

claims and demands against the estate, every claim, however uncertain its amount, in case the remedy survives against the representative of the deceased, may be proved before the commissioners; for as the creditor can look only to the estate of the deceased, if he is not allowed to come in with the other creditors under the commission, and the estate is in fact insolvent, he is without remedy. Of this nature is every claim, which arises out of gain or acquisition of the estate by the labour or property of another, or which is founded on a contract, which contains a duty vested in the obligee, and which the representative of the deceased is bound to perform, and on which he is liable as such. Thus, if A. is bound to build a house for B. before such a time, and A. dies before the time, his executors are bound to perform this; (5 *Vin. Abr.* 241.) and I do not see why the claim ought not to be allowed, although the time of performance has not arrived, and the damages are uncertain. Rent, payable in future, as there may be an eviction, and it may never become due, is placed on a different footing. But then the claim must be one which is capable of being liquidated and valued. A contract for the payment of a certain stated sum, or the delivery of certain articles of property, or for the performance of specifick acts or services, if to be performed at all events, though at a subsequent time, may be the subject of valuation; but where the performance of the contract depends on a contingency which may never happen, it is evident that it cannot be valued. As the bond declared upon in this case is not for the payment of a sum certain, or the performance of an act at all events, so as to raise a present debt or duty, but is conditional, depending on a contingency, it follows, that there must at least be a breach of the condition, and a consequent forfeiture of the bond, to give the appellant a demand against the estate of the intestate.

The question then is, whether the bond declared upon is or is not forfeited; and this question must be decided on the pleadings. As no objection is made to the sufficiency of the plea in bar, the only question arising upon the first set of pleadings, respects the sufficiency of the appellant's replication. If the bond is to be considered a mere bond of indemnity, it is manifest that no sufficient breach is assigned, and the replication is clearly insufficient. In *Griffith* vs. *Harrison*, 1 *Salk.* 197, it is laid down, that where a counter bond or covenant is given, to save harmless from a penal bond before condition broken, there, if the penal sum be not paid at the day, and so the condition not preserved, the party to be saved harmless does by this become liable to the penalty, and so is damnified, and the counter bond forfeited; but if the counter bond be given after the condition of the obligation is broken, or to save harmless from a single bill without a penalty, there the counter bond cannot be sued without a special damnification. As it does not appear from the pleadings, that the original bond in which the appellant joined as surety for the intestate, was a penal bond; or, if we are to intend that

8

*Chittenden,*
*December,*
*1825.*

Jones
*vs.*
Cooper.

it was, that there has been a breach of the condition of it, the appellant, according to the case just cited, should have set forth specially in his replication how he was damnified; and nothing short of paying the money on the original bond, or at least being sued upon it, would constitute a breach. (*Taylor* vs *Wilson,* *Camp.* 525.—*Paul* vs. *Jones,* 1 *T. R.* 599.—1 *Saund.* 117 *n.* 1.) The mere fact alleged, that the sum of three hundred dollars, belonging to the ward, remained in the hands of the intestate, and not paid over, at the time of his death, is no damage; for the appellant may, notwithstanding, never be sued or charged.

But it is insisted, on the part of the appellant, that the bond declared upon is conditional, not only to indemnify and save him harmless from the original bond, but also that the intestate should *well and faithfully account with the judge of probate, for all money or property, which had then or might thereafter, come into his hands, belonging to the ward, when thereunto required by the judge of probate;* and that if this part of the condition of the bond is broken, the bond is forfeited. There is no doubt of the principle, that if any substantive part of the condition of a bond is broken, the bond is forfeited at law. The case of *Hodgson* et al. vs. *Bell,* 7 *T. R.* 93, is an authority to this effect. There the counter bond taken by the surety, was conditioned for the payment and discharge of the original bonds according to the true intent and meaning thereof, and also to indemnify and save harmless the surety from all damage, &c. and it was held, that as one of the original bonds had not been paid at the time it became due, a part of the condition of the counter bond was broken, and the bond was thereby forfeited at law. But whether from a just construction of the condition of the bond in this case, it is any thing more in truth, when taken together, than a condition to indemnify and save harmless, may, perhaps, admit of a question. Assuming, however, the construction given to it by the counsel for the appellant, we are then to inquire, whether the replication sets forth any breach of that part of the condition which is relied upon. The replication alleges, that *the intestate did not, during his life, account with the judge of probate for the goods and chattels of the ward in his hands, when by the judge of probate thereto required and demanded, but thereof made default, and at the time of his decease there remained in his hands* $300 *not accounted for.* This in substance, is no more than saying, that the intestate had not performed the condition of the bond; and such general statement is clearly insufficient. When the condition is to do a thing *when thereto requested,* there the request is part of the condition, and must be averred with all necessary circumstances of time and place (*Fitzhue* vs. *Dennington,* 6 *Mod.* 227.—*Devenly* vs. *Wilbore,* Cro. Eliz. 85.—*Birks* vs. *Trippet,* 1 *Saund.* 33, *n.* 2.—*Bach* vs. *Owen,* 5 *T. R.* 409.) The request to account, was a traversable fact, and should have been specially alleged, by a direct and positive averment. Instead of that, the averment is merely, that the intestate did not account *when thereto required and demanded,* which, independent

*Chittenden,*
December,
1825.

Jones
*vs.*
Cooper.

of its generality, is not a direct and positive, but, at the most, a mere argumentative allegation. It has been argued, that the death of the intestate dispensed with the necessity of any request, and that thereupon the bond became immediately forfeited. But if by that event, the condition to account became impossible to be performed, the consequence would seem to be, as the condition contains no duty vested in the appellant, and none could accrue to him until a breach of the condition, that the bond, so far as it respects that part of the condition, is saved. If, on the other hand, the duty of rendering an account survived, and the condition remained to be performed, notwithstanding the death of the intestate, it devolved of course on his personal representative ; and the request being parcel of the condition, there could be no breach of the condition, and consequently no duty accruing to the appellant, until request.

As the replication shows no breach of the condition to account, nor that the appellant has been in any way damnified, there has been no forfeiture of the bond, and consequently he has no cause of action, or any thing like a *debitum in præsenti.* There is no debt due him, or any subsisting demand which can be allowed him. He has paid nothing, nor been put to any damage ; and it is not certain that he ever will be compelled to pay any thing. Whether he will be or not, is an event depending on contingencies which may never happen. If, however, he should be made chargeable, and a debt should hereafter arise upon the bond, the personal representative of the intestate, notwithstanding the commission is closed, would still be liable, if the estate is not in fact insolvent, and assets remain after paying the debts allowed under the commission, unless the surplus estate has been distributed among the heirs by a decree of the court of probate. In such case, he will be discharged, and the heirs will be liable, to the extent of the estate, real and personal, decreed to them, in proportion to their respective shares. (*Comp. Stat.* ch. 44, sec. 80.) As we are all of opinion, that the replication to the first plea in bar shows no breach of the condition of the bond, it must be adjudged insufficient. As this decides the case, and the appellee is consequently entitled to judgment, it becomes unnecessary to notice the second plea in bar, or give any opinion upon its merits.

Judgment for the appellee.

*Chs. Adams,* for the appellant.

*Wm. Brayton,* for the appellee.