HEMAN LOWRY *vs.* ALONZO STEVENS Adm'r of ABRAHAM STEVENS, deceased.

A claim against a deceased person's estate, represented insolvent, which is not due at the close of the commission, but is contingent and uncertain, cannot be allowed by commissioners, and is not barred under the statute relating to insolvent estates.

Such claim, if it become absolute, may be enforced against the administrator, if he have assets, or against the heir after a decree of the estate to him.

An allowance by commissioners, not ascertaining the amount of the claim, but merely certifying the claim to be just, leaving the amount uncertain, is void.

This was an action on a receipt executed by the intestate to the plaintiff as sheriff of Chittenden county, for certain goods attached by him as the property of one Burnham, at the suit of J. Peck.

The declaration, after setting forth the writ and attachment, the delivery of the goods to the intestate for safe keeping, &c. proceeds to set forth a receipt executed by him to the plaintiff, promising to re-deliver the same on demand, or pay all costs, &c. It then states that the intestate permitted them to go back into the possession of Burnham, who converted them to his own use. It then sets forth the proceedings in the suit Peck against Burnham; and alleges a recovery by the plaintiff at August term, 1827, of judgment for the sum of $207,90, the issuing of execution and the delivery thereof in due season to the plaintiff, and a demand of the property of the intestate, who refused to deliver the same : by reason of which, the

CHITTENDEN,
January,
1834.

Lowry
vs.
Stevens.

plaintiff became liable to refund the amount of said judgment to Peck. It then alleges an order of the probate court to the defendant, for the payment of claims against the intestate's estate, and a demand by the plaintiff of the defendant, as administrator, of the claim in suit.—That the defendant has sufficient assets in his hands, but has refused to pay, &c.

To this declaration the defendant pleaded several pleas, two of which only came under consideration. The third plea set forth that the estate was duly represented insolvent, commissioners appointed, &c. and sets out their proceedings in the usual form, alleging a report and return to the probate court, and *an allowance of the claim in question.*

To this plea there was the following replication :

" That not until after the decease of the said Abraham Stevens, and the appointment of commissioners and their report to the probate court of their doings and the allowance of the same by said court, was there any judgment in the said suit of the said John Peck against the said G. C. Burnham, by reason whereof no adjustment could be made by the commissioners of any sum to be allowed to the said Heman Lowry upon said receipt, and although said receipt was shown to the commissioners upon said estate, and their certificate was thereon entered, that the same was a just claim, they affixed no sum to be allowed to the plaintiff, which the said Heman is ready to verify : Whereupon," &c.

To this replication the defendant demurred.

The fourth plea was similar to the third, except that after setting forth the proceedings under the commission of insolvency, the plea alleged that the plaintiff's claim was not presented or allowed, and relies upon the statutory bar.

To this plea there was the following replication, viz :

" That the said Alonzo Stevens, on the said eighth day of August, 1829, had in his hands sufficient assets of the estate of the said Abraham Stevens, deceased, over and above all other debts and demands against the estate of the said Abraham, to have paid said sum of $239,33, and this he prays may be inquired of by the country.

To which the defendant also demurred."

Chittenden,
January,
1834.

Lowry
vs.
Stevens.

It appeared from the pleadings, that final judgment in the suit Peck against Burnham was not rendered until after the commission of insolvency had expired, and the commissioners had made their return.

Judgment was rendered in the county court on these demurrers, and the case brought to the supreme court by appeal.

*Charles Adams for plaintiff.*
*Marsh for defendant.*

The opinion of the Court was pronounced by

PHELPS, J.—The question upon the first of these two issues, turns upon the sufficiency of the plaintiff's replication. It has already been settled (Exec'rs of Doolittle *vs.* Hunsdon, Bray. Rep.) that an allowance by commissioners of an insolvent estate is equivalent to a judgment, and merges the original claim. If therefore the claim was adjudicated upon by commissioners, no action can now be sustained on it. It is certainly true, however, that to render an allowance by commissioners conclusive as a judgment, it should be a final and conclusive adjudication, liquidating and settling the demand, and ascertaining definitely its amount. The commissioners, it seems, in this case, certified the claim to be just, but did not ascertain the amount due to the plaintiff. They affixed no sum to the claim, nor, as we understand, reported any to the probate court. It is obvious that this was no allowance in a legal point of view, the claim being left in the same situation precisely that it was in before. This issue therefore must be determined for the plaintiff.

The fourth plea involves the main question in this case.

By the statute, (Rev. Laws, p. 353) all claims not presented to the commissioners of an insolvent estate within the time limited, are forever barred, &c. Under this statute a question has arisen, whether any, and if any, what claims may be enforced against an executor or administrator after the closing of the commission, the claim not having been presented and allowed.

The proceedings in case of an insolvent estate are very closely analogous to those under the bankrupt law in England; and the decisions which have been had there, under

CHITTENDEN,
*January,*
1834.

Lowry
*vs.*
Stevens.

that law, may be of some service in examining the question before us. That law bars all claims against the bankrupt not proved under the commission. Yet it has been uniformly held, that a claim not absolutely due, but depending upon a contingency, cannot be proved before commissioners, and, of course, is not barred by the certificate. It must necessarily be so. No claim, not absolutely due, can be allowed ; and if it become due thereafter, there is no reason why the claim should be lost. So it is with respect to an estate represented insolvent. Nothing can be properly allowed by commissioners which is contingent, as the estate should not be burthened with what is not, and perhaps never will be due ; and yet, if the estate be solvent, and there are assets remaining in the hands of the executor, there is no reason why, if the debt become absolute, it should not be paid. The manifest injustice of barring claims which could not be proved under the commission, affords a strong presumption that such claims are not intended by the statute. An inspection of the probate act will show that they *are* not.

The 80th section, p. 349, makes the heirs liable, so far as they have assets, for debts accruing after the distribution ; evidently implying that such claims are not barred ; and at the same time that section exonerates the administrator with respect to such demands, after the estate is decreed to the heirs. This necessarily implies, that the administrator is liable before such decree. It will be perceived, that this section contemplates solvent, as well as insolvent estates.

The practice of our courts has been in conformity with this view of the subject.—See Brayton, 113.—*Cooper* vs. *Jones,* 2 Aik. 54.

But it is insisted, that the claim in this case might have been presented and allowed by the commissioner, and that it is therefore barred. It is argued, that a demand might have been made at any time, and of course the right of action perfected ; and further, that upon the decease of the receipt-man, no demand was necessary : the presentment to commissioners being a sufficient demand. Were this an absolute debt, and a demand necessary merely as preliminary to a suit, as in the case of a promissory note payable

in specific articles, on demand, this argument would have great force. It appears however, from the declaration in this case, that the property, upon the execution of the receipt in question, went back into the possession of Burnham; and it is well settled, that in such case the right of the sheriff to recover on the receipt depends altogether upon his responsibility to the attaching creditor. If the original suit had failed, the plaintiff would have been responsible to nobody, and the defendant would not have been responsible to him.. Whether the plaintiff would ever have a legal right of action on the receipt, was therefore contingent at the time when the commission closed; and so remained until the final judgment in Peck against Burnham. It was not therefore an absolute debt, payable at all events when demanded, but one which was contingent in itself, and would still have been contingent had a demand been made.

Had the demand been allowed by commissioners, one of two courses must necessarily have been adopted. They must have allowed a nominal sum only, (in which event the allowance would have been a perpetual bar, and the plaintiff, if made responsible to Peck, left without remedy,) or they must have allowed the value of the property in question as a debt against the estate. If the latter course had been taken, and the original suit failed, or the debt to Peck been otherwise satisfied, what should have been done with the allowance? The plaintiff would not in justice be entitled to it, yet it would be difficult to find any authority in the probate court to strike it from the list of debts, as it has no power to re-examine the doings of commissioners, or to vacate their judgements. Admitting that the probate court has this power, and that the claim might be enforced or not, as the result might be, then the claim is as contingent and uncertain, after the allowance, as before.—Nothing is settled, and nothing ascertained. The difficulty is not, therefore, the mere want of a formal demand, but it consists in this, that even dispensing with a demand, or supposing it made, the claim cannot be finally adjudicated upon, or definitively settled. How then can it be insisted, that the sheriff is bound to present such a claim, when he may be met with the defence, that it is al-

CHITTENDEN,<br>January,<br>1834.<br><br>Lowry<br>vs.<br>Stevens.

CHITTENDEN,
January,
1834.

Lowry
vs.
Stevens.

together uncertain whether he will ever be entitled to draw one cent from the estate, or that his claim is barred because not allowed at a period when it was altogether contingent and uncertain?

The argument *ab inconvenienti* rather tends to support the view which we have taken. It is urged that if this be the proper course, the sheriff is exposed to lose his security.—This is true: But he stands in the same situation with any other person, who may have an uncertain or contingent claim against the estate, and if the argument be a sound one, all contingent claims must be converted into absolute debts. Besides, this is the last of all reasons why the plaintiff should not be paid out of the surplus, if there be any.

If we were to hold that claims of this character must be allowed by commissioners, or would be otherwise barred, we should involve the proceeding of the probate courts in endless difficulty. The law regards the decision of commissioners as a final adjudication; and requires the court to order a dividend, in case the estate be actually insolvent, or, if not, payment in full. If contingent claims are allowed, they must be allowed provisionally. How then shall a dividend be struck? Shall they be included? If so, shall a dividend be paid where perhaps nothing may be due? And if paid, how shall it be recalled? If they are not included, and the assets exhausted by distribution among the creditors, of what service is the allowance?

Further: If allowed conditionally, who shall determine whether they shall ultimately be paid? The commissioners have no power over the subject after making their report, and the judge of the probate court has no power to overhaul their doings. What board can be resorted to, in case of a dispute, to adjudicate upon such an allowance in the last instance? And if the payment of debts allowed is suspended, on account of such allowance, when can the estate be settled?

The subject might be pursued farther; but enough has been said to shew the inconveniences of the practice contended for. The result is, that such claims cannot be allowed: The creditor must risk the solvency of the estate; but if assets remain in the hands of the executor or admin-

istrator, he is liable ; or if they have been decreed to the heir, then by statute the remedy is against him.

We are all of opinion that the plaintiff's claim is not barred by the statute, and that the replication is sufficient.