FRANKLIN,
January,
1835.

Hull
vs.
Fuller.

———

PROBATE COURT for the DISTRICT OF GEORGIA, J. DOANE Prosecutor, vs. CAROLINE CHANDLER and J. L. CHANDLER. ·

FRANKLIN,
January,
1835.

In an action on an administrator's bond, to an assignment as a breach, of the non-payment of a debt allowed by commissioners, the statute of limitations is not a good plea.

This was an action of debt on a probate bond, commenced in the county court, and came here upon exceptions taken by the defendant to the decision of the court below, sustaining the plaintiff's demurrer to the defendants' plea of the statute of limitations. A further statement of the case is incorporated into the opinion of the court.

*Hunt and Beardsley for plaintiff.*

*Smith, Smalley and Adams, contra.*—The defendant contends, that this is virtually an action of covenant. Any words in a deed, which show an agreement to do a thing, make a covenant. In order to constitute an express covenant, the law does not require any precise and technical language.—Comyn's Digest, Cov. A. 2. Platt on Cov. 13, and authorities there cited. *Duke of St. Albans* vs. *Ellis*, 16 East. 351. 2 Com. 224. *Swett* vs. *Morris*, Bur. 287. *Hill* vs. ——, 1 Cas. in Chan. 293. *Stewart* vs. *Walbridge*, 23 C. L. R. 262. Platt, 15, 16, 62.

It must be admitted, that this action, created by statute, is *sui generis;* but it is clear that the prosecutor does not sue for the penalty which is given for the benefit of all concerned in the estate. There is no stipulation in the bond to pay the penalty to any but the probate court ; and the judgment for the penalty follows the bond in favor of the probate court. After judgment has thus been entered on the bond, the prosecutor's action commences, not for the recovery of a debt, *eo nomine, et in numero,* nor is his action

FRANKLIN,
January,
1835.
Probate Court
vs.
Chandler et al.

necessarily restricted to damages for the detention of a debt.—1 Chit. 105, 100, 110. His demand is emphatically for unliquidated damages, which he may have sustained by the administrator's neglect to execute his office, rather than for a sum certain as in debt. If he recover at all, he must recover such sum as the jury shall assess in damages. To treat his action as an action of debt, therefore, would be to confound all distinction between debt and covenant.

The action of the prosecutor has all the characteristics of an action of covenant. By resorting to the bond, he does not rely upon the implied obligation of the administratrix to answer for the contracts of the intestate, but seeks to recover damages for the breach of the express engagements which she and her surety have made and entered into under seal. What then is the prosecutor's action, but an action of covenant?

2. The claim which the prosecutor is endeavoring to enforce in this suit is, a judgment of commissioners, for which he might have his action of debt against the administratrix of the estate. This debt is barred by the statute of limitations, and the bond being but collateral and incidental to the debt, must follow its principal. The bond is intended to secure a subsisting debt, but not to revive a stale demand or perpetuate a liability. On general principles, and the reason of analogous cases, it would seem absurd to hold that the plaintiff's claim was taken out of the operation of the statute of limitations by the mere form of this bond.—Stat. 290, sec. 8. Bates vs. Kimball, 2 D. Chip. Rep. 77.

Thus a bond given to secure a void contract is inoperative.— Com. Dig. Obligation A. Platt on Cov. 248. So a bond given as an assurance for covenants is avoided by the release of the covenants. A surety cannot be holden beyond the extent of the liability of the principal. Nor can a mortgage of real estate be enforced, when the debt which it was intended to secure is barred by the act of limitations.—Theobold on Guar. 2. Jackson vs. Sackett and Raymond, 7 Wend. 94.

This case, if not within the letter of our act of limitations, is clearly within its spirit.

3. Whether the action be deemed an action of covenant on the conditions of the bond, or debt on the judgment of commissioners, or sui generis, it is within the operation of the act of limitations, and has been so adjudged by this court.—Probate Court vs. Miller, decided in Chittenden county, in 1829.

FRANKLIN
January,
1835.

Probate Court
vs.
Chandler et al.

The opinion of the court was delivered by

PHELPS, J.—This is an action of debt, upon a bond executed by the defendants to the probate court, conditioned, in the usual form, for the faithful execution, by one of the defendants, of the duties of administrator of the estate of B. Chandler, deceased. Judgment having been rendered, in pursuance of the statute, for the penalty of the bond, the prosecutor assigns as a breach of the bond, the non-payment of a debt due from the intestate to himself, which debt appears to have been duly allowed by the commissioners on the estate of Chandler, which was represented insolvent. The allowance was made on the 10th day of June, 1819, and this action was brought in July, 1829. The defendants plead "actio non accrevit within eight years, and the plaintiff demurs.

Is the prosecutor's remedy barred by any statute of limitations?

It is not contended that any statute of limitation applies in terms to bonds of this description. But it is insisted, that the prosecutor has other remedies for the collection of his debt, to wit, an action of covenant or debt upon the adjudication of the commissioners, and that the statute having run upon these remedies, this proceeding is also barred.

The counsel are clearly mistaken in supposing that covenant will lie in this case. However liberal the common law may be, in allowing an election to bring debt or covenant upon a sealed instrument, there is an insuperable difficulty in this case in sustaining the action of covenant. The prosecutor is not a party to the bond, and at common law could have no remedy upon it. His remedy is by force of the statute alone, and being so, must be sought in the mode pointed out by the statute, and in no other.

He might perhaps sustain an action of debt upon the allowance of commissioners, and if so, the statute of limitations might under circumstances be a bar; yet in such a case, the statute would begin to run, not from the date of the allowance, but from the period when, in the course of administration, the administrator became chargeable for a default. But it does not follow, if such action of debt is barred, that the remedy here sought is barred also. The remedies are different, and are against different parties; and although a discharge of the principal is a discharge of the surety also, yet it remains to be established, that an extinguishment of one of several collateral remedies is either an extinguishment of all, or a legal discharge of the debt.

There is certainly no statute of limitation applicable to bonds of this description, and it is clear, from the statute directing the pro-

15

FRANKLIN,
January,
1835.

Probate Court
vs.
Chandler et al.

ceedings in this case, that no such plea can be interposed to bar a judgment for the penalty. If so, it is equally certain that no such plea can be interposed between the judgment for the penalty and the assessment of damages. The law allows no execution to issue. for the penalty in any such case; and it would be absurd to give a remedy so far as to allow a judgment for the penalty, and yet interpose an arbitrary statutory bar to render that remedy nugatory.

The statute of limitation has immediate reference to the action, and operates upon the cause of action only indirectly and consequentially. Its language is, "No action of debt, &c. shall be brought," &c. The debt is not extinguished, but is indirectly and in effect barred by taking away the appropriate remedy. So long as such remedy may be had, the debt subsists, and whenever there are collateral remedies for the same thing, the statute can have its full effect upon the debt only when all appropriate remedy is denied. Hence it has always been considered, that ejectment can be sustained, although the remedy by personal action for the debt may be barred by the statute. I am aware that a learned judge of a neighboring state has advanced a different doctrine; but I believe that opinion has no precedent to sustain it, and I know not that it has in any subsequent case been adopted.

The manuscript case of *Catlin* vs. *Miller*, cited by the defendants' counsel is not analogous to this. That was an action on an executor's bond, and the prosecutor in assigning breaches adopted the common law form of declaring against an executor. The assignment of breaches was in form and in substance a declaration in assumpsit against the executor, upon promises of his testatrix, setting forth a promise by the testatrix in her life time, and alleging non-payment, by her in her life time, or by the executor afterwards. The claim had never been allowed by commissioners, or otherwise established against the estate. It is obvious that if such a declaration can be sustained at all, the case was open to any defence by the executor, which would have been proper, had the action been assumpsit against the executor in the English form. It was necessary, in order to show a breach of the bond, to establish the debt, and this opened the case for all defences. The statute, having begun to run during the life of the testatrix, continued to run, notwithstanding her decease.

The case of *Jackson* vs. *Sacket*, 7 Wend. 94, is cited, as showing that ejectment cannot be sustained upon a mortgage, after the statute has run upon the notes to which the mortgage was collateral. The case does not warrant the position. The statute was

not pleaded, nor was it held that such a plea would be good.  The defence was, payment of the debt, and the lapse of time, with other circumstances, was left to the jury as a ground of presumption that the debt was satisfied.  Of the propriety of this there can be no doubt.  So in this case, the lapse of time would have been proper for the consideration of the jury, under a similar plea, and, under circumstances, would have justified a verdict of payment.  We are agreed that this is the only legitimate use to be made of it, and that it is not a statutory bar.

Judgment of county court affirmed.