Hon. JAMES BARRETT,
Hon. HOMER E. ROYCE,
Hon. JONATHAN ROSS,
Hon. WALTER C. DUNTON, } Assistant Judges.

---

PROBATE COURT FOR THE DISTRICT OF ORLEANS,
Charles B. Child, Prosecutor, *v.* LEVI B. CHILD AND
SAMUEL SUMNER.*

*Probate Bonds. Statute of Limitations. Gen. Sts. c. 72, s. 20.
Gen. Sts. c. 63, s. 11.*

The guardian of a minor ward is discharged, within the meaning of s. 20, c. 72, Gen.
Sts., if not when the ward attains the age of majority, which may be questioned,
at latest when he has settled his guardianship account with the Probate Court, and
the court has ordered him to pay over to the ward the money in his hands. Thus,
where debt was brought on a guardian's bond more than four years after such set-
tlement and order, it was *held*, that as against the surety in the bond the action was
barred.
In debt on a guardian's bond, it appeared that when the action was brought more
than eight years had elapsed since the guardian had settled his account with the
court, and been ordered to pay over to the ward the amount in his hands. *Held*,
that as the right of action accrued at the time of such settlement and order, the ac-

---

Heard at the August Term, 1877.

tion was barred by s. 11, c. 63, Gen. Sts., and that it made no difference whether the action was considered as an action in favor of the Probate Court or of the prosecutor and real plaintiff.

DEBT on a probate bond in the sum of $300, executed to the Probate Court for the District of Orleans by defendant Child as principal, and defendant Sumner as surety, on July 12, 1844, and conditioned for the faithful performance by Child of his duties as guardian of the prosecutor, Charles B. Child. Defendants pleaded jointly *non est factum*, and *non accrevit* within four, six, and eight years. Defendant Sumner also pleaded the Statute of Limitations severally, in the same form, and alleged his suretyship. Trial by the court, December Term, 1875, POWERS, J., presiding.

In 1845 the ward attained the age of majority ; and on May 28, 1860, the guardian was cited and appeared before the Probate Court and settled his guardianship account, and was found to have in his hands the sum of $235.27 belonging to the ward, which the court then ordered him to pay over to the ward immediately. The money was never paid over, and the ward never requested the guardian to pay it. This action was brought on August 18, 1874.

The plaintiff claimed to recover the amount of the decree of the Probate Court, with such part of the interest thereon as would make it equal to the penalty of the bond. The defendant insisted that the plaintiff, if entitled to recover, could recover only the amount of the decree without interest ; or, at all events, as there had been no demand on the principal in the bond, only that amount with interest from the bringing of the action.

The court, at the September Term, 1875, POWERS, J., presiding, considered that the statute was no bar, and on that ground alone rendered judgment, *pro forma*, against both defendants for the sum of $300. Exceptions by both defendants.

*Edwards & Dickerman*, for the defendants.

The guardian was discharged when the ward became of age. The statute is, therefore, a bar to any claim against the surety. Gen. Sts. c. 72, s. 20.

The cause of action accrued when the Probate Court made its

order for payment. The action is, therefore, barred. Gen. Sts. c. 63, s. 11.

The plaintiff, if entitled to recover, can recover only $235.27.

*W. D. Crane,* for the plaintiff.

The statute could not begin to run for either defendant until the cause of action accrued ; and, as no demand was made, that did not accrue until this action was brought.

The opinion of the court was delivered by

Ross, J. July 12, 1844, the defendants, Child as principal and Sumner, as surety, executed a bond to the Probate Court for the district of Orleans in the sum of three hundred dollars, with the usual conditions, to secure the faithful performance of the duties of said defendant Child as guardian of the prosecutor Charles B. Child. The ward attained the age of majority in 1845. In answer to a citation issued for that purpose, May 28, 1860, the guardian, Levi B. Child, settled with the Probate Court his guardian account, and there was found in his hands $235.27 belonging to said ward, which he was ordered by said Probate Court to pay over to the ward immediately. The guardian has never paid over the money so found in his hands belonging to his ward. This suit on the bond was commenced August 18, 1874. The defendants jointly plead the Statute of Limitations, alleging that the cause of action did not accrue within four, six, and eight years from the commencement of the suit. The defendant Sumner severally plead the Statute of Limitations, alleging the lapse of the same periods of time since the cause of action accrued, and that he was a surety on said bond. The question presented by the exceptions is, whether, on the facts, the action is barred by the Statute of Limitations as to one or both of said defendants.

I. Section 20, c. 72, Gen. Sts., reads, " No action shall be maintained against the sureties in any bond given by a guardian, unless it be commenced within four years from the time the guardian shall be discharged." The powers and duties of a guardian over the person of his ward cease on the ward's attaining major-

ity. It may be questioned whether the guardian then ceases to hold the ward's property as guardian, and whether he is " discharged " within the meaning of the statute before the settlement of his account by the Probate Court, and the order of the court directing the payment to the ward of the amount found in his hands. There can be no doubt that, on the making of such an order and decree by the Probate Court, unappealed from, the guardian ceases to hold the amount found in his hands belonging to the ward in his capacity of guardian, and becomes at once the debtor of the ward for such sum. It then becomes the duty of the guardian to pay the sum thus found in his hands to the ward, and the ward's right of action against him for its recovery is complete without demand, if the guardian neglects to comply with the order of the court. It cannot be that the statute means that the guardian, as such, can be discharged only by payment of the sum found in his hands belonging to the ward, for, in that case, there would be no cause of action remaining after the guardian's discharge for the statute to operate upon. We think that the guardian was discharged from his guardianship trust by the action of the Probate Court May 28, 1860, and that this action became barred as to defendant Sumner at the end of four years from that time.

II. The final decrees and orders of the Probate Court in matters over which it has jurisdiction, unappealed from, are conclusive judgments upon the parties and interests adjudicated, and the debts found by it to be due from one party to the other in such proceedings are judgment debts. *Doolittle* v. *Hunsden*, Brayt. 41 ; *Atherton* v. *Flagg*, 2 D. Chip. 61 ; *Lowry* v. *Stevens*, 6 Vt. 113. By s. 11, c. 63, Gen. Sts., " all actions of debt or *scire facias* on judgment shall be brought within eight years after the rendition of such judgment, and all actions of debt on specialties within eight years after the cause of action shall accrue, and not afterwards." If the prosecutor had brought his action of debt on the judgment of the Probate Court against Levi B. Child, it would be barred by the provisions of the foregoing section by the lapse of

more than eight years from May 28, 1860, before this action was brought. But instead thereof, he has brought this action of debt on the bond in the name of the Probate Court. In *Probate Court* v. *Brainard*, 48 Vt. 620, it was held that the Probate Court had no right to institute suits on bonds taken to it for the benefit of others, of its own motion, and that the prosecutor in such cases is the real plaintiff. " Debts by specialty, or special contract, are such whereby a sum of money becomes, or is acknowledged to be, due by deed or instrument under seal." 2 Bl. Com. 465. This action, being upon a bond under seal, is an action of debt on a specialty, and, by the statute cited, must be brought within eight years after the cause of action accrued. The language of the statute is very broad — " all actions," and not such as are brought in the name of the party to whom the deed or specialty is taken. So that whether this be considered as an action in favor of the Probate Court, to whom the bond is taken, or in favor of Charles B. Child, the prosecutor, who is ultimately to reap the benefit of the action, it is covered by the terms of the statute. As we have seen, the cause of action accrued immediately upon the neglect of Levi B. Child to pay over the amount found in his hands by the Probate Court May 28, 1860 ; and, as more than eight years after that time elapsed before this suit was brought, it is within the operation of the statute. In reaching this result, though not cited by either party on argument, we are not unaware of the decisions, *Probate Court* v. *Chandler*, 7 Vt. 111, and *Sparhawk* v. *Buel*, 9 Vt. 41, in which a seemingly opposite result was arrived at. Those decisions were both made before the revision of the statutes in 1839, at which time the clause in regard to actions of debt on specialties was first incorporated into the Statute of Limitations. Before that revision the eight-year clause of the statute operated only on actions of debt or *scire facias* on judgment, and certain actions of covenant. Slade's Sts. c. 39, s. 8. In *Probate Court* v. *Chandler*, counsel, in argument, attempted to bring the case within the operation of the statute under the clause relating to actions of covenant, but the court properly decided that it was not an action of covenant as regards the prosecutor. We do.

not think that that case controls the decision in this case, nor that the result reached in this case is in conflict with the decision there made, when the change in the statute is considered.

It is proper to state that this case was heard at the August Term, 1876, by three judges, and fell to Judge WHEELER. The result here announced was then agreed upon, but it was left with Judge WHEELER to examine. In the course of his examination he came across the case of *Probate Court* v. *Chandler*, and so held the case for further consideration. Before such consideration was had with the other judges who heard the case, he was appointed United States District Judge, and the case came into my hands. As at the present time but two of the judges who heard the case are members of the court, I have therefore consulted the other members of the court who could sit in the case, and they all concur in the result.

Judgment reversed, and judgment for the defendants to recover their costs.