### WARREN BOYD *v.* LOEL BARTLETT AND TRUSTEE.

#### *New Counts.    Practice.    Covenant.*

The plaintiff in his original declaration, averred that the defendant, in his deed, covenanted that there was no incumbrance upon the premises, when in fact there was an existing incumbrance by mortgage to the defendant's wife. The court granted leave to amend by adding a new count. In this the plaintiff averred that the defendant covenanted to warrant and defend the premises against all lawful claims and demands, and that the defendant's wife had a mortgage upon the premises, upon which the plaintiff had been sued in chancery and finally adjudged, by the supreme court, to pay it or forfeit the land. *Held,* that the cause of action in the two counts was the same, and that the amendment was properly allowed.

2

The fact that the plaintiff could not recover on the first count, for the reason that the covenant against incumbrances is not assignable, and that the rule of damages is different under the covenant of warranty, will not be decisive that the amendment was improperly allowed.

The supreme court having decided, on an appeal from chancery, that there is a valid incumbrance by mortgage upon an estate, older and paramount to the plaintiff's title to the same, under his deed from the defendant, this decision is equivalent to a final judgment at law against the plaintiff's title, as constituting a breach of the covenant to warrant and defend, upon which an action may be maintained without an actual eviction under the decree.

In such an action the fact that it does not appear from the declaration that the amount due on the mortgage had been definitely ascertained in the chancery suit, is not fatal to the declaration.

COVENANT. The defendant demurred generally to the original declaration, and the court sustained the demurrer, and rendered judgment for the defendant to recover his costs. Thereupon the plaintiff moved for leave to amend his declaration by adding a new count, based upon a different covenant from that averred in the original declaration, and on terms that the plaintiff pay the defendant's costs during the pendency of the demurrer. The motion was granted, to which the defendant excepted.

The new count was filed, to which the defendant demurred generally. The substance of the original and amended declarations are given in the opinion. At the September Term, 1861, the court, NEWTON, Ass't J., presiding, overruled the demurrer, and rendered judgment for the plaintiff to recover $358.45, to which the defendant excepted.

*Flagg & Tyler*, for the defendant.

I. The court erred in allowing the plaintiff to amend by filing the count on the covenant of warranty.

The *gravamen*, or cause of action, is not the same in the two counts. In the one case, any incumbrance existing at the time of the delivery of the deed, furnishes the cause and right of action. 2 Green. Ev. sec. 242 ; *Potter* v. *Taylor*, 6 Vt. 676 ; *Judevine* v. *Pennock*, 14 Vt. 438.

Boyd v. Bartlett and Trustee.

In the other, it is the subsequent eviction under a better title. 2 Green. Ev. sec, 244 ; *Park* v. *Bates*, 12 Vt. 381.   Therefore it follows that the evidence which would support the one count would not support the other.

The rule of damages is not the same in the two counts.   In the one it is the amount of the purchase money, or the amount paid for removing the incumbrance.   In the other it is the value of the land at the time of eviction.   2 Green. Ev. sec. 264 ; *Keyes* v. *Prescott*, 32 Vt. 86 ; *Potter* v. *Taylor*, 6 Vt. 676 ; *Park* v. *Bates*, 12 Vt. 381,

II.   The said new count is insufficient in law.   The plaintiff having gone into possession of the land under his deed, must aver and prove an eviction, or a surrender of the possession before action brought.   *Rich* v. *Wait*, N. Ch. 68 ; 2 Green. Ev. sec. 244 ; *Strong* v, *Shumway*, 1 D. Ch. 110 ; *Park* v. *Bates*, above cited ; *Pitkin* v. *Leavitt*, 13 Vt, 379 ; *Turner et al.* v. *Goodrich*, 26 Vt. 707.

*Chas. N. Davenport*, for the plaintiff,

I.   The amendment was properly allowed, it being made in the exercise of a legal discretion.   *Trescott* v. *Baker*, 29 Vt. 459 ; *Carpenter* v. *Gookin*, 2 Vt. 495 ; *Skinner* v. *Grant*, 12 Vt. 462 ; *Emerson* v. *Wilson*, 11 Vt. 357 ; *Mellen* v. *Moody*, 23 Vt. 674 ; *Stevens* v. *Thompson*, 28 Vt. 77 ; *Clark* v. *Swift*, 2 Met. 395.

II.   The declaration as amended by the addition of the new count is sufficient, notwithstanding no *actual eviction* is alleged. Rawle on Covenants 264–5 and 282–3 ; *Hamilton* v. *Cutts et als.*, 4 Mass. 349 ; *Sprague* v. *Baker*, 17 Mass. 586 ; *Loomis* v. *Biddell*, 11 N. H. 74 ; *Castleton* v. *Miner*, 8 Vt. 209 ; *Williams* v. *Wetherbee*, 1 Aik. 233.

PECK, J.   The first question is whether the county court erred in allowing an amendment of the declaration by filing the new count.   The original declaration counts on the covenant in a deed of real estate executed by the defendant to Thomas Ghostling

that the premises were free of incumbrance. The count alleges that Ghostling afterwards conveyed to Pike, and Pike to the plaintiff, and alleges as a breach that at the date of the defendant's deed to Ghostling the premises were encumbered by a mortgage to the defendant's wife. The new count counts upon a covenant in the same deed, to warrant and defend the premises against all lawful claims and demands. This count alleges as a breach the existence of the same mortgage, and that in a bill in chancery brought upon that mortgage by this defendant and his wife, the question of title to the extent of that mortgage had been decided against this plaintiff by the supreme court. If this amendment introduces a new cause of action the county court erred in allowing it. In practice amendments are allowed more liberally than formerly, and when granted under proper rules as to compensation to the adverse party by way of costs, the practice is conducive to the ends of justice. Although the county court has a liberal discretion on this subject, yet it has its limits, and when transcended the error can be corrected by this court. The rule that an amendment which introduces a new cause of action can not be allowed is well settled, yet in its application nice questions often arise. This rule must not be understood in the sense of the strict rule applicable to pleading and evidence. In this strict sense almost every amendment may be said to introduce a new cause of action. The plaintiff in counting upon a promissory note may accidentally misdescribe the note as to date, amount or time of payment. This would be cause for rejecting the note as evidence, and the reason assigned might be that the note is not the one declared upon. This would be true as applicable to that question, for the reason that in determining that question the court could only compare the note with the description in the declaration. But should the plaintiff apply for leave to amend, the court might grant it on being satisfied that the note was the same on which the suit was in fact brought. The one is a question of legal identity to be determined by comparison of the note with the declaration. The other is to a great extent a question of fact, depending on the purpose and intent of

Boyd v. Bartlett and Trustee.

the plaintiff in bringing the suit and framing his original declaration. This is illustrated in *Haskins* v. *Ferris*, 23 Vt. 673, in which a new count was allowed to be filed for the conversion of additional articles of personal property taken and converted at the same time as that in the original declaration, on the ground that the trespass or taking was the cause of action, and that it might be presumed that the plaintiff intended to have sued for the whole cause of action. In the case at bar the question is whether the cause of action in the new count is a different cause of action, or the same cause of action differently described. The substance of the defendant's stipulation in his deed, is, that the defendant covenants that there is no incumbrance on the premises and that he will warrant and defend the same against all lawful claims and demands. The original declaration is that the defendant covenanted that there was no incumbrance upon the premises, when in fact there was an existing incumbrance by mortgage to the defendant's wife. The new count is that the defendant covenanted to warrant and defend the premises against all lawful claims and demands, and that the defendant's wife had a mortgage upon the premises, upon which the plaintiff has been sued in chancery, and finally adjudged by the supreme court to pay it or forfeit the land. One difference in the two counts is, that they count upon different clauses in the deed, constituting different covenants. This is not such a radical difference as to constitute different causes of action, irrespective of other elements in the declaration. Another difference is, that the breach in the first count is simply the existence of a mortgage incumbrance at the date of the deed, and the breach in the new count is substantially the same, with the additional allegation that the plaintiff has been sued upon that mortgage and adjudged to pay it or forfeit the land. This difference does not necessarily show that the cause of action in the two counts is not the same. But it is insisted that as the plaintiff could not recover on the first count, for the reason that the covenant against incumbrances is not assignable, and that the rule of damages is different under the covenant of warranty, the amendment was not within the power

of the county court to grant. But this is not decisive, for it is the object of all amendments of a declaration, to enable the plaintiff to recover when without the amendment he could not, or to enlarge the remedy beyond the scope of the original declaration, otherwise no amendment would be necessary. It is manifest that what is sought to be recovered in both counts is damages resulting from that outstanding mortgage. As both counts count upon a stipulation in the same deed, relating to the title to the same land, to recover damages for the same defect in the title, the cause of action in the two counts is not different, but in substance and in fact the same cause of action differently described. The amendment was properly allowed.

II. The remaining question arises upon demurrer to the new count. The only objection urged by the defendant's counsel is that it appears that the plaintiff entered into possession under his deed, and that it is not alleged that he has been evicted or disturbed in his possession. The demurrer admits the mortgage to have been a valid incumbrance. The plaintiff claims that the adjudication in the suit in chancery upon the mortgage is a sufficient breach to sustain the suit. In an action on the covenant to warrant and defend, the plaintiff must show something more than a defect in the title of the grantor, he must show that a paramount title has been asserted to his prejudice. It is sufficient to show that by reason of an older and better title, the plaintiff has been kept out of possession, or that he has been compelled to buy in an older and better title, or to pay a mortgage to protect his title. It was decided in *Williams* v. *Wetherbee*, 1 Aik. 233, that a final recovery in ejectment against the plaintiff by virtue of an older and paramount title was a sufficient breach, without an actual eviction under the judgment. That case was decided upon the principle that the covenant to warrant and defend, is something more than a covenant for quiet enjoyment, that it is a covenant not merely to defend the possession, but the land and the estate in it. In that case there had been a decision in a suit at law, and this is the case of a decision

by the supreme court on appeal from chancery. At the time this suit was commenced the supreme court had adjudged the mortgage to be a valid incumbrance, older and paramount to the plaintiff's title under the deed from the defendant, and sent the case back with a mandate directing the court of chancery to carry out that decision by decree. The only doubt we have had in this case is as to the effect of that decision as constituting a breach, before the court of chancery had acted upon and carried out the mandate by a final decree. But under our practice every case that comes to the supreme court from the court of chancery goes back with a mandate, whether the decree of the court of chancery is affirmed or reversed, and the subsequent proceeding in the court of chancery in pursuance of the mandate is matter of form. We are therefore inclined to hold that the decision of the supreme court in the suit in chancery is in substance and effect such a final adjudication against the title as to be equivalent to a final judgment at law for the purposes of this question. The principle recognized in *Turner* v. *Goodrich*, 26 Vt. 707, seems to warrant this conclusion.

In fact it might perhaps be said that there has been an accruing breach ever since that suit was commenced, and the plaintiff in this suit began to incur costs and expense in defending it, as such costs and expense constitute an element in the damages to be recovered in this action. It is true the plaintiff's right of action was not complete so as to give him a right to commence his suit till it had been decided in that suit that the claim under that mortgage was a lawful claim, as lawful claims and demands only are embraced in the defendant's covenant. The declaration alleges a large sum due on that mortgage, to wit: $400. The demurrer is an admission that some amount is due. The fact that it does not appear from the declaration that the amount due had been definitely ascertained in the chancery suit is not fatal to the declaration. The amount of the recovery in this action might depend on a computation made in the suit in chancery pending this suit. We think the demurrer should be overruled and the second count adjudged sufficient.

As the defendant's counsel raise no question upon the rule of damages adopted by the county court, we are not called upon to examine that point.

Judgment of the county court affirmed.