HON. JAMES BARRETT, 〉
HON. HOMER E. ROYCE, 〉 ASSISTANT JUDGES.
HON. JONATHAN ROSS, 〉

---

## SEYMOUR N. COLE AND WIFE *v.* RICHARD G. KIMBALL.

*Covenants for Title and against Incumbrances. Indemnity for
Breaches thereof as Choses in Action. Measure
of Damages.*

K. conveyed certain premises to F., the wife of S., by warranty deed containing the usual covenants, including a covenant against incumbrances; and F. conveyed to him in payment therefor a farm that had before then been conveyed to her by her father L. F. and S. then conveyed the premises by like deed to L. M., the mother of F. and wife of L. The premises when conveyed to F., as aforesaid, were subject to a mortgage to H., conditioned for the payment of a promissory note that was then due and unpaid; and after the conveyance to L. M., H. brought a petition against her and her husband to foreclose, and obtained a decree, which he sold and assigned to T., who purchased for L. and at his request; and L., acting therein for his wife, afterwards paid T. the amount of the decree in full. The conveyances

from L. to his daughter and from her to her mother were without consideration, and were for the convenience and at the request of L. and wife. After payment of the decree by L., as aforesaid, L. M. brought an action in covenant against K., in the name of F. and husband, but for her own benefit, and with the privity and consent of her husband, counting on the covenant against incumbrances; and the case was referred. While the cause was pending, L. and wife, in consideration of obtaining final judgment therein, filed in court a release of K. from all causes of action that they might have against him in their own names in consequence of any breach of covenant in his deed to F. *Held,* that indemnity on account of the breach of covenants of title and against incumbrances was a chose in action, and was transferred to L. by the deed to her; and that recovery should be had for the full sum paid T. on the decree.

COVENANT. The declaration counted on a covenant against incumbrances in a deed from the defendant to the plaintiff Florette. The case was referred, and the referee reported in substance as follows :

On August 26, 1871, the defendant by warranty deed containing the usual covenants, including a covenant against incumbrances, conveyed to the plaintiff Florette certain premises in Braintree that had been conveyed to him by Mansel Heselton and wife ; and said Florette, in payment therefor, conveyed to the defendant a farm which had before been conveyed to her by her father, Leonard Fish, and with her husband executed to him a promissory note for $462, which said Leonard afterwards paid. On June 11, 1872, the plaintiffs by like deed conveyed the premises to Lucia M. Fish, the mother of said Florette, and wife of said Leonard. The premises when conveyed by the defendant as aforesaid, were subject to a mortgage executed by Heselton and wife to Elihu Hyde in 1869, conditioned for the payment of two promissory notes for $250 each, payable in one and two years respectively, with interest, one of which only had been paid. In December, 1875, Hyde brought a petition for foreclosure against the Fishes and others, but not against the Heseltons nor the Coles, and in the following January obtained a decree for $313.29, the sum due in equity, and $28.55 costs, to be paid before January 1, 1877, with interest. On November 1, 1876, Hyde sold and assigned that decree to Ephraim Thayer for $350, Thayer acting therein for said Leonard and at his request ; and afterwards, and before this action was brought, said Leonard, acting therein for his wife, paid

Thayer the amount of the decree in full, with interest. The conveyance from said Leonard to said Florette, and from her to said Lucia were without consideration, and they and the holding of title by said Florette were for the convenience, and at the request, of the Fishes, said Leonard doing all the business in connection therewith, and the plaintiffs having nothing to do with it, except to execute deeds, &c., as desired. This action was brought and prosecuted by said Lucia, in her own behalf and for her own benefit, and with the privity and consent of said Leonard. The referee found that if the plaintiffs were entitled to recover, they should recover $341.84, with interest from January 1, 1876.

While the action was pending the Fishes, in consideration that final judgment should ultimately be rendered therein for the plaintiffs for the full amount of damages found by the referee, filed in court a release of the defendant from all causes of action that they or either of them had, or could have, in their own names to recover damages consequent on a breach of any of the covenants in his deed to said Florette.

The court at the December Term, 1879, POWERS, J., presiding, rendered judgment on the report for the plaintiffs for nominal damages and costs; to which the plaintiffs excepted.

*P. Perrin* and *J. W. Rowell*, for the plaintiffs.

Although the action was brought on the covenant against incumbrances, yet, as it was referred, such judgment will be rendered as the plaintiffs would be entitled to in view of any amendment that might properly have been made. The declaration might properly have been amended by adding a count on the covenant that the plaintiff was the sole owner, and had good right and title to convey, &c. *Boyd* v. *Bartlett*, 36 Vt. 9.

Covenant for title " is an assurance to the purchaser that the grantor has the very estate in quality and quantity that he purports to convey." Lord ELLENBOROUGH in *Howell* v. *Richards*, 11 East. 641 ; *Richardson* v. *Dorr*, 5 Vt. 20 ; *Mills* v. *Catlin*, 22 Vt. 106 ; *Clark* v. *Conroe's Est.* 38 Vt. 475. And see Rawle Cov. 81, and *Peters* v. *Bowman*, 98 U. S. 56. Thus, the cove-

nant for title was broken as soon as made, by the existence of the mortgage to Hyde.

Thus, regarding the action as founded on either covenant, it must be conceded that the plaintiffs are entitled to nominal damages. But we contend that they are entitled to full damages under either covenant, especially under the covenant for title. The rule that precludes the assignee of a chose in action from maintaining an action thereon in his own name is purely technical, and is now effectually abrogated by the practice of permitting him to sue in the name of the holder of the legal interest. That practice is as applicable to broken covenants as to any other chose in action. The purchaser should be permitted to sustain an action in the name of the original covenantee, especially where, as here, the covenantee held rather in trust for the purchaser. Rawle Cov. 357, 358 ; *Clark* v. *Swift*, 3 Met. 395 ; *Alexander* v. *Schreiber*, 13 Mo. 271 ; *Peters* v. *Bowman, supra.* Such a rule presents no difficulty in pleading, as in declaring on the covenants of seisin and for title, it is sufficient in assigning a breach, to negative the words of the covenant generally. Rawle Cov. 82 ; 2 Saund. 181*a*. Were the rule otherwise the covenants called personal, which are broken, if at all, when made would be of little value to those claiming under the original covenantee. While waiting for an eviction so as to avail themselves of the covenant of warranty, the covenantor might become insolvent, or go beyond seas, or the like.

The conveyance of the land implies the transfer of the covenant under the rule that assignment of the principal thing carries with it the accessory. Rawle Cov. 358 ; *Alexander* v. *Schreiber, supra.*

Again, under the finding that the action was brought by Lucia in her own behalf, &c., she and her husband having filed a discharge of the defendant, the plaintiffs will be permitted to recover full damages, as the plaintiffs did in *Smith* v. *Perry*, 26 Vt. 279, 294.

*N. L. Boyden*, for the defendant.

The only matter complained of is the breach of the covenant against incumbrances. Where the incumbrance has not been

extinguished by the purchaser, and there has been no eviction under it, the purchaser will recover only nominal damages, " inasmuch as it is uncertain whether he would ever be disturbed." 4 Kent. Com. 476 ; *Prescott* v. *Trueman*, 4 Mass. 627 ; *Delavergne* v. *Norris*, 7 Johns. 358 ; *Stanard* v. *Eldridge*, 16 Johns 254 ; *Richardson* v. *Dorr*, 5 Vt. 9 ; *Potter* v. *Taylor*, 6 Vt. 676. The payment of the decree by Leonard does not aid the plaintiffs, as the payment was not made in their behalf.

Nor does the filing of the release aid them. The action—to recover more than nominal damages—was brought by improper parties, and the release will not operate a substitution. *Booth* v. *Starr*, 1 Conn. 244.

The opinion of the court was delivered by

ROYCE, J.   It is conceded that the plaintiffs are entitled to nominal damages ; and the only question made is, whether upon the facts found by the referee they are limited to the recovery of such damages, or are entitled to recover the amount paid to redeem the premises from the Hyde decree.   This suit was brought and prosecuted by Lucia M. Fish, for her benefit, with the privity and consent of her husband, Leonard Fish, who acted for her in paying the money to redeem the premises from the Hyde decree. Florette D. Cole held the title to the premises conveyed to her by the defendant as the trustee of Leonard and Lucia M. Fish, and the covenants contained in the deed from the defendant to Florette D. are in equity to be treated as covenants for the benefit of the *cestuis que trust*.   All the interest that Florette D. had in said covenants passed to Lucia M. Fish by the deed from the plaintiffs to her.   The defendant is liable on the covenants in his deed to protect the title against the incumbrances that were upon the premises described in the deed at the time of its execution. The covenant against incumbrances runs with the land, and can be enforced for the benefit of the party holding the legal title. The payment of the amount due on the Hyde decree was not a voluntary payment, but a compulsory one.   Fish was obliged to make it to save his title to the premises.   The claim to indemnity on account of the breach of the covenants of title and against in-

cumbrances was a chose in action, and was transferred to Lucia M. Fish by the deed from the plaintiffs to her ; and the assignee of a chose in action has the right (subject to the right of the assignor to require indemnity against costs) to sue in the name of the assignor. It is a matter of indifference to the defendant to whom he pays, if he is fully protected against any further liability. It is not claimed that there is any other party but Leonard Fish and wife that could make any claim against the defendant on account of his covenants ; and the discharge filed in the case is a full protection against any claim that they might otherwise make. The rule of law that limits the recovery in actions of covenant against incumbrances to the amount paid to remove the incumbrance was adopted for the protection of the covenantor, for until full payment the liability of the covenantor would continue. The cases relied upon by the defendant differ from this in the important fact that in none of those cases did it appear that the suit was being prosecuted for the benefit of an assignee who had been compelled to make payment to save his estate, and full indemnity had been tendered to the covenantor. The attempted defense is purely technical ; and it does not appear that any defense which the defendant might have made if the suit had been in the name of Leonard Fish and wife was not equally available to him in the present suit. In *Smith* v. *Perry*, *Admr.* 26 Vt. 279, the plaintiff had not paid the judgment recovered by his grantee on account of the breach of his covenant of title, but the court allowed a full recovery to be had, protecting the defendant's estate against further liability by the form of the judgment rendered. Here, as we have seen, the defendant is protected by the discharge filed.

*Judgment reversed, and judgment for the largest sum.*