HON. HOMER E. ROYCE,
HON. TIMOTHY P. REDFIELD, } ASSISTANT JUDGES.
HON. RUSSELL S. TAFT,

---

### JOSEPH W. CLARK *v.* MARY WINCHELL.*

*Covenant of Warranty in Deed of Real Estate. Breach of Pleading. Gen. Sts. c. 53, s. 14, 45. (R. L. s. 2204.) Contingent Claim.*

1. A widow, the *devisee and legatee of her husband,* is liable for a breach of *his* covenant in a warranty deed of real estate, she having received by virtue of the will, property sufficient to satisfy the same.
2. And this is so, although she is not liable in damages for a breach of *her own covenant,* she having joined in the deed with her husband.†

---

*Heard at the January Term, 1880 ; re-argued at the January Term, 1881.

† See *Goodnough* v. *Fellows, ante,* 102.—REP.

Clark *v.* Winchell.

3. The rule stated as to what is a *contingent claim*, under the Gen. Sts. c. 53, s. 45, (R. L. s. 2204): it depends on whether it may *become absolute*, and *its amount ascertainable*, during the *settlement* of the *estate*, or the *time limited* for the *proof of such claims.*
4. The declaration is held good on general demurrer.
5. A *real covenant* runs with the land, and at common law is *transferable.*

THIS case was heard at the September Term, 1879, on general demurrer. DUNTON, J., presiding, overruled the demurrer, and adjudged the declaration sufficient. Action for covenant broken.

### PLAINTIFF'S DECLARATION.

In a plea of covenant broken, whereupon the plaintiff declares and says that on the 29th day of November, A. D. 1854, James Winchell of said Poultney, then being in full life, and Mary Winchell, the defendant, then the wife of the said James Winchell, by their deed of that date, duly executed, acknowledged and recorded, in consideration of $1650, bargained, sold and conveyed to Nelson Ransom of said Poultney, a certain tract of land lying in said Poultney, bounded. (Here is a description of the premises.) To have and to hold the said granted and bargained premises with all the privileges and appurtenances thereof to the said Ransom, his heirs and assigns, to them their own use and behoof forever. And the said James Winchell and Mary Winchell in and by said deed among other things did covenant and engage for themselves, their heirs, executors and administrators, with the said Nelson Ransom, his heirs and assigns, that they, the said James Winchell and Mary Winchell, would warrant and defend the said land to the said Nelson Ransom, his heirs and assigns, against all lawful claims whatsoever, as by said deed ready to be shown in court appears. And the said Nelson Ransom afterwards, on the same day and year last mentioned, entered into the possession of the said land, and paid off and discharged said land from the mortgage held by the said William P. Noyes, mentioned in said deed of the said James Winchell and Mary Winchell as aforesaid. And afterwards on the 4th day of September, A. D. 1857, the said Nelson Ransom, being in actual possession thereof, by deed of that date executed by himself and Fannie B. Ransom, his wife, duly acknowledged and recorded, ready in court to be produced, bargained and sold a part of the aforementioned land, to wit: fifty-seven acres, be the same more or less, to one Jacob Sykes, to have and to hold to him and his heirs and assigns, and the said Jacob Sykes, afterwards on the same day and year last mentioned, entered into possession of the said last-mentioned

land. And afterwards, on the 18th day of January, 1858, the said Jacob Sykes and Martha Sykes, his wife, being in actual possession thereof, by their deed of that date, duly executed, acknowledged and recorded, ready in court to be produced, bargained and sold the last aforementioned land to the plaintiff, to have and to hold to him and his heirs and assigns. And the plaintiff says, that, afterwards, he entered upon the said last-mentioned land, to wit: the said fifty-seven acres, being part of the land conveyed by the said James Winchell and Mary Winchell as aforesaid, and became possessed thereof, and ought to hold and enjoy the same as a lawful estate in fee simple, according to the aforesaid covenant of the said James Winchell and Mary Winchell, and so held the same till after the death of the said James Winchell, who died on or about the 10th day of April, A. D. 1866, and the said Mary Winchell is his devisee and legatee under his last will and testament. And the plaintiff says that the said defendant since the death of the said James Winchell has not kept said covenant, and has not warranted and defended the said premises to the plaintiff, as by the said covenant the defendant was bound to do; but on the contrary the plaintiff avers that James S. Frisbie, Mary Harris, Emily Edgerton and Chauncey Edgerton, lawfully claiming the said premises by an elder and better title than the plaintiff's, to wit: under and by virtue of a mortgage deed of the same, executed on the 1st day of May, A. D. 1840, by one Harris Morse, then owning said premises, afterwards, on the 28th day of August, A. D. 1877, brought their petition for the foreclosure of said mortgage in the Court of Chancery in and for the County of Rutland, on the second Tuesday of September, A. D. 1877, against the said plaintiff, and other parties who were in possession of other parcels of said lands conveyed by the said James Winchell and Mary Winchell as aforesaid. And the said petitioners in and by said petition prayed the said court that the equity of redemption of the said plaintiff and of the other parties, defendants in said petition might be foreclosed under the said mortgage so executed by the said Harris Morse on the 1st day of May, A. D. 1840. And the plaintiff avers that he then cited in and required the said Mary Winchell to enter in said court, and protect the plaintiff and his right and title to said premises against said mortgage, or pay and discharge the same. And the plaintiff further avers that afterwards by the consideration of the said Court of Chancery at a term thereof holden at Rutland, on the second Tuesday of March, A. D. 1878, it was ordered and decreed by said court that unless this plaintiff and the other parties defendants in said petition pay to the clerk of said court for the

benefit of said petitioners the sum of $1001.38, being the amount due on said mortgage and the costs of said foreclosure, on or before the first day of April A. D. 1879, with interest from the date of said decree, the plaintiff and the other said defendants in said petition and all persons claiming under them should be foreclosed and forever barred from all equity of redemption of said premises from said mortgage, and being the same premises conveyed by the said James Winchell and Mary Winchell under their deed as aforesaid. Wherefore and by force of said decree the plaintiff has been obliged to pay, and has paid for the satisfaction of said sum so decreed to be paid a large sum of money, to wit: $1001.38, with interest from the date of said decree being April 1st, 1878, and has also been obliged to pay and has paid a large sum of money, to wit: $200 in employing counsel and in expenses in defending his title to said premises against said mortgages and all of said sums have been paid for the extinguishing of the said paramount and lawful right and title of the said petitioners to said premises under said mortgage foreclosed as aforesaid. And the plaintiff says that the said Mary Winchell, defendant, is the devisee and legatee of the said James Winchell of divers lands and tenements and property which were of the said James Winchell deceased, at the time of his death by his last will and testament, and has received from the said James Winchell since his death a large estate, to wit: $10,000, and much more than sufficient to satisfy the present demand of the plaintiff, and is liable to pay the same, but has wholly refused so to do, though often thereto requested. And so the plaintiff says the defendant has not kept and performed the said covenant, but has wholly broken the same which is to the damage of the plaintiff $1500, for the recovery of which with just costs this plaintiff brings suit.

*Beaman & Pratt* and *George M. Fuller*, for the plaintiff.

Effect of the demurrer. *Hyde* v. *Moffat*, 16 Vt. 271; *Catlin* v. *Lyman*, Ib. 44. The covenant runs with the land. *Williams* v. *Wetherbee*, 1 Aik. 232; *Russ* v. *Steele*, 40 Vt. 310; *Smith* v. *Perry*, 26 Ib. 279; Rawle on Cov. 359. The mortgage was a breach of the covenant. *Boyd* v. *Bartlett*, 36 Vt. 9; 26 Ib. 707; 38 Ib. 469. Devisees are liable when they have received property, to the extent of what they have received. *Blackmer* v. *Blackmer*, 5 Vt. 355; 6 Ib. 113; 2 Saund. R. 6; Brayt. 113; *Jones* v. *Cooper*, 2 Vt. 54; *Hall* v. *Martin*, 46 N. H. 337; Am. L. Reg. 6, 757; 1 Chit. Pl. 39, 40.

*R. C. Betts* and *J. C. Baker*, for the defendant.

The demurrer admits *nothing* except *what is alleged.* *Hartland* v. *Windsor*, 29 Vt. 354; 39 Ib. 433; Gould Pl. 439. A married woman is not bound by her covenant. Gen. Sts. c. 65, s. 2; *Sawyer* v. *Little*, 4 Vt. 414. The plaintiff's remedy is by course of administration, and not by suit at law. Gen. Sts. c. 48, 50, 51; *Adams* v. *Adams*, 22 Vt. 50; *Boyden* v. *Ward*, 38 Ib. 628; *Probate Court* v. *Kent*, 49 Ib. 380. The statute, Gen. Sts. c. 53, has modified the ruling of the court in the case *First Cong. Society* v. *Lowell*, Brayt. 113. It is a contingent claim, and barred by the statute. Gen. Sts. c. 53, s. 40; *Sargent* v. *Kimball*, 37 Vt. 320; *Lytle* v. *Bond*, 39 Ib. 388. If this claim became absolute before the commission expired, it should have been presented to the commissioners; if not, it should have been presented as a contingent claim.

The opinion of the court was delivered by

ROYCE, J. The covenant declared upon is contained in a deed executed by the defendant and her husband, James Winchell, on the 29th day of November, 1854, by which they covenanted and agreed for themselves, their heirs, executors, and administrators, with Nelson Ransom, the grantee, therein named, his heirs and assigns that they would warrant and defend the land described in said deed to the said Ransom, his heirs and assigns, against all lawful claims whatsoever. The plaintiff has acquired by regular conveyances all the title and interest which was conveyed to Ransom by the deed executed to him. James Winchell died on or about the 10th of April, 1866; and by his will constituted the defendant his devisee and legatee; and she, as such, received an estate under and by virtue of said will of the value of ten thousand dollars, and more than sufficient to pay the claim which the plaintiff seeks to recover.

The breach of the covenant contained in the deed from James and Mary Winchell that is complained of, is, that, at the time of the execution of said deed the land described in it was encumbered by a mortgage executed on the 1st day of May, 1840, by one Harris Morse who then owned said premises; and it is alleged

that on the 28th day of August, 1877, the parties, who owned the claim secured by the mortgage given by said Morse, brought their petition to foreclose the same ; that the plaintiff cited in and required the defendant to enter in the court in which such petition was pending, and protect his right and title to said premises against said mortgage, or pay and discharge the same ; that the petitioners obtained a decree in said cause which the plaintiff has been compelled to pay as well as other expenses incurred in the defense of said suit; and that the defendant has not kept and performed the said covenant, but has wholly broken the same. Upon these facts (which are admitted by the demurrer) it is to be determined whether this action can be maintained.

It is not claimed that the defendant is liable by reason of her having executed the deed jointly with her husband. Her coverture would be a full defense to any action at law that might be brought against her upon the covenants contained in a deed so executed. If the defendant can be made liable it must be upon the ground that she is bound by the covenant entered into by James Winchell ; that he having covenanted for himself, his heirs, executors and administrators, his estate was made liable for any breach of said covenant, and could be followed and appropriated to satisfy any legal claim for damages that might result from the breach of it.

The covenant of warranty is a real covenant, and runs with the land ; and it has always been held that any incumbrance resting upon the land at the time the covenant was entered into constitutes a breach of that covenant. *Derisley et al.* v. *Custance,* 4 Term, 75 ; *Kellogg* v. *Robinson,* 6 Vt. 276 ; *Russ* v. *Steele,* 40 Vt. 310 ; *Mitchell* v. *Warner,* 5 Conn. 497 ; *Boyd* v. *Bartlett,* 36 Vt. 9 ; *Smith* v. *Perry,* 26 Vt. 279.

At common law such a covenant is transferable ; and the assignee of the premises that the covenant bound the covenantor to defend, may sustain an action of covenant against the executor or administrator of the covenantor while his estate is being administered by them, and after distribution, against the parties to whom it has been distributed ; and the amount for which an executor or administrator may be held liable is dependent upon the

amount of funds that they may have in their hands belonging to the estate that can be applied in payment of the claim; and in the case of distributees, to the amount that they have received as such. *Dyke & Webber, Admrs.* v. *Sweeting*, Willis R. 585; *Smith* v. *Perry*, *supra*; *Morse* v. *Aldrich*, 1 Met. 544.

The covenant of James Winchell being one that bound his estate, and that could pass by assignment, it was the duty of the defendant, as the devisee and legatee of his estate, to protect and defend the title to the land conveyed by James Winchell for the benefit of the plaintiff.

Some criticism has been made upon the manner in which the breach is assigned. The deed of James and Mary Winchell is to be considered as if Mary had not joined with her husband in its execution. The fact that she was under such a disability at the time that the covenants contained in it were not legally binding upon her, would not affect the liability of the other party who was not under any such disability. Treating the deed as the separate deed of James Winchell, the manner of declaring, including the assignment of the breach, is according to the approved forms and precedents. The declaration sets out the facts and circumstances with sufficient certainty and particularity, and the legal conclusion that the covenant therein recited, which it was the duty of the defendant to have kept and performed, she has broken. We think that upon a general demurrer the declaration is sufficient.

It is claimed that the declaration is bad in substance, in not alleging such facts as would give a common-law court jurisdiction of the subject-matter; that conceding that independently of our statutory provisions in relation to the settlement of estates the action might be maintained, those provisions have superseded any common-law remedy, and the Probate Court had exclusive jurisdiction of this claim. While it is true that the jurisdiction of the Probate Court is exclusive as to all matters over which jurisdiction has been conferred upon it, so that common-law courts and courts of equity never take jurisdiction of such matters except in aid of that court and in exceptional cases, it should appear that the Probate Court had jurisdiction of the subject-matter of this

claim before it should be held that the plaintiff is barred on ac-
count of his neglect to prosecute his claim in that court.

The General Statutes, chap. 53, sec. 14, provide that every
person, having a claim against a deceased person proper to be
allowed by the commissioners, who shall not exhibit his claim to
the commissioners within the time limited for that purpose, shall
be forever barred from recovering such demand, or from pleading
the same in set-off in any action whatever. So that if this de-
mand was a proper one to be exhibited to the commissioners, the
neglect of the plaintiff to exhibit it to them would bar him from
any recovery. It is no answer to this that it does not appear that
letters of administration had ever been taken out upon the estate
of James Winchell. The statute makes ample provision for the
granting of letters of administration upon the application of a
creditor where there has been unreasonable delay in applying for
them by those of kin to the deceased. The jurisdictional ques-
tion, then, hinges upon the fact as to whether this was a proper
claim to be presented to and adjudicated by commissioners. It is
admitted that it was not an absolute claim ; but it is claimed that
it was a contingent claim, and comes within the provision of the
45th sec. of chap. 53. What constitutes a contingent claim within
that section has to be ascertained from the facts shown. No rule
seems to have been promulgated by the court in this State defin-
ing what constitutes such a claim. The statute seems to contem-
plate that the claim must be of such a character that it may be-
come absolute during the time limited for the proof and allowance
of such claims, and to entitle the claimant to share in the assets in
the hands of the executor or administrator, it must become abso-
lute within the time limited for the payment of such claims.

It will be noticed that the debt upon which the decree was
based that the plaintiff paid was not originally the debt of James
Winchell, or one which it is shown that he had assumed to pay ; his
liability was contingent to that of Morse. It was not a debt that
Winchell in his lifetime could have made absolute as against
Morse, so as to have given him a right of action for anything be-
yond nominal damages against Morse upon covenant of warranty,

until there had been an actual or constructive eviction, or a claim under paramount title had been adversely asserted.

It was held in *Patton* v. *McFarlane*, 3 P. & W. (Pa.) 419, that where a covenantor neglected to pay the purchase-money, and the covenantee voluntarily paid it without claim having been made upon him, he was not entitled to recover upon a covenant of warranty, as his possession had never been disturbed or threatened ; and the learned judge who delivered the opinion in that case, says, that, among the numerous cases which are met with on this subject in the United States and England, he had met with none in which a mere payment of money, for the purpose of buying in a paramount title or extinguishing a mortgage, had been held to be a breach of the covenant of warranty. And in *Boyd* v. *Bartlett and Trustee*, 36 Vt. 9, it is said in the opinion, delivered by Judge PECK, that, in an action on the covenant to warrant and defend, the plaintiff must show something more than a defect in the title of the grantor ; he must show that a paramount title has been asserted to his prejudice.

This rule of law is applicable as between the plaintiff and Winchell, the covenantor, and those that are sought to be charged on account of his covenant. They were entitled to delay in order that they might know if any attempt would be made to enforce the payment of the claim, and to an opportunity to make defence in case any such attempt should be made. If the plaintiff could not convert this claim into an absolute one during the lifetime of Winchell, he could not do so against his estate.

In *Blackmer* v. *Admr. of Blackmer*, 5 Vt. 355, under a statute which provided for the appointment of commissioners to receive, examine, and adjust *all* claims and demands against estates, and that any person neglecting to exhibit his demand to such commissioners should be barred from recovering the same, it was held that a covenant of warranty in a deed is not considered a debt until the covenant is broken ; that the commissioners could only allow upon an annuity bond what was due at the decease of the obligor ; that for all that might fall due after such decease a recovery might be had against the heirs as far as they had received assets from the obligor.

And in *Leroy* v. *Admr. of Stevens*, 6 Vt. 113, under the same statute, it was held that a claim not absolutely due could not be allowed, and of course would not be barred by the certificate. In that case, which was on a receipt given to an officer for property attached, if the commissioners had allowed the demand they must have allowed a nominal sum only, (in which event the allowance would have been a perpetual bar,) or allowed the value of the property receipted as a debt against the estate, when it was not certain that any recovery would be had in the suit in which the property was attached. If claims of that character were to be allowed by commissioners or barred, it would involve the proceedings of Probate Courts in endless difficulty.

While it is true that at the time when those decisions were made there was no statute making express provision for the allowance of contingent claims, such claims were demands against the estate, and their presentation for allowance by commissioners was as clearly required as it would have been if express authority had been given in the statute for the allowance of claims which depended upon a contingency which might or might not happen; hence, we regard these decisions as authority upon the construction to be given to the existing statute as to what claims or demands are required to be presented to, and passed upon, by commissioners.

Whether a demand is contingent in such a sense as to require it to be presented to commissioners to prevent its being barred, depends upon the question, whether or not, it may become an absolute claim, the amount of which can be ascertained during the time the estate is in process of settlement, or the time limited for the proof of such claims. At the time when this suit was commenced this claim might have been proved as an absolute claim. The estate has passed into the hands of the defendant; and she would be liable as far as she had assets if the claim had been allowed; and although commissioners might now be appointed to act upon the claim if none ever have been, there is no necessity for any such appointment. The defendant can make any defence in this suit that she could make in the Probate Court, so that the appointment of commissioners to pass upon this claim would be a

27

Carrigan *v.* Insurance Co.

useless ceremony that could not result in any advantage to the parties and is not required by the law.

This claim was not barred by reason of its not having been presented to commissioners, and the judgment of the County Court is affirmed.