H. W. KEMP, TRUSTEE *v.* ESTATE OF JAMES W. BROCK.

October Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 15, 1923.

*Executors and Administrators—Contingent Claim—Necessity of Showing Election to Hold Funds as Trustee When Previously Held by Same Person as Executor—Transfer of Trust Funds From Executor to Trustee—When Liability of Surety on Executor's Bond as to Such Funds Ceases—Condition in Executor's Bonds Held Not Broken by Certain Acts—Executor Not Liable for Non-payment of Legacy Until Decree of Probate Court—Settlement of Executor's Account as Equivalent to Such Decree.*

1.  Where the liability, if any, of the surety on an executor's bond did not depend upon some future event, it was error to render a judgment thereon as a contingent claim against the surety's estate.

2.  A contingent claim against an estate under the statute (Chap. 154, G. L.) is one that cannot be proved as a debt before the commissioners nor allowed by them, because the liability is dependent upon some future event that may or may not happen.

3.  Where an executor under a will, who was also named as trustee therein, after settlement of his account as executor filed a bond, to the satisfaction of the probate court, for the faithful performance of his duties as trustee, having held the fund in the first instance as executor, in order to invest himself with title to it as trustee, it was necessary for him to do some act, in addition to filing the bond to show his election to hold in the latter character; and such election fairly appeared from the record that when he filed his bond as trustee he charged himself with the trust fund under that character, and thereafter filed an itemized account and final settlement as trustee.

4.  When an executor of a will who was also trustee under a provision thereof, after settlement as executor, qualified as trustee by giving a bond for the faithful performance of his duties as

trustee, and charged the trust fund to himself as trustee, his liability for it in that character became perfected, and the surety on his bond as executor was relieved from liability for any subsequent default of duty as to such fund.

5.   The condition in the bond of an executor, who was also named as a trustee in the will, was not broken before he elected to hold the fund as trustee, by his failure to set the fund aside, for while he might have transferred the trust fund to himself as trustee without a prior order therefor from the probate court, such a transfer would have been voluntary, and not one he was obliged to make, and, also, under the express provisions of the will, the fund was to be set aside by him as trustee.

6.   The condition of an executor's bond is not broken because, following the usual practice, he credited himself with the amount to be paid on the trust legacy under the decree of distribution, for the mere act of so crediting himself was not evidence, nor a representation, that it had in fact been paid to the one entitled thereto as trustee.

7.   An executor cannot be sued for non-payment of a trust legacy until his liability has been determined by a decree of the probate court.

8.   Where an executor, who was also trustee in a will, in his final settlement as executor charged himself with the trust fund as trustee, the settlement of his account as executor amounted and was equivalent to a decree of the probate court.

APPEAL from the probate court for the District of Washington. Trial by the court at the March Term, 1919, Washington County, *Fish*, J., presiding. The claim of the plaintiff against the estate was allowed as a contingent claim. Both the plaintiff and defendant excepted. The opinion states the case. *Reversed and certified to the probate court.*

*H. C. Shurtleff* for the plaintiff.

It is a breach of an executor's bond to fail to render a true account of his administration.

*Judge of Probate* v. *Pratt*, 1 D. Chip. 233; *Matthews* v. *Page et al.*, Brayton, 106; *Probate Court* v. *Bates*, 10 Vt. 285.

The employment of trust funds in trade, or in the prosecution of mercantile, commercial, or manufacturing enterprises or speculative adventures, or the commingling of such funds with other funds is improper.

*Deobold* v. *Oppermann,* 111 N. Y. 538; *In re Myers,* 131 N. Y. 415; *School District* v. *Bank,* 102 Mass. 174; Perry on Trusts (6th ed.), 713, 717, 753, 755-6, 729, 730-33; *Stickney* v. *Parmenter,* 74 Vt. 58; *In re Hodges Estate,* 66 Vt. 70; *Mc-Closkey* v. *Gleason,* 56 Vt. 264; *Spaulding* v. *Wakefield,* 53 Vt. 660; *Drake* v. *Wild,* 65 Vt. 611.

If an executor be also trustee in a will and give bond only as executor, he is chargeable in that capacity until he has given bond as trustee and charged himself accordingly; and the sureties on his executor's bond are liable if he fails faithfully to discharge his duties as executor. *Coates* v. *Lunt et al.,* 213 Mass. 401, 100 N. E. 289; *Prior* v. *Talbot,* 10 Cush. 1; *Nickals* v. *Stanley,* 146 Cal. 724; *Bellinger* v. *Thompson,* 26 Ore. 320, 37 Pac. 714.

A surety cannot compel recourse to the principal.

*Crane* v. *Sickles,* 15 Vt. 252; *Hickok* v. *Bank,* 35 Vt. 476; *Hogaboom* v. *Herrick,* 4 Vt. 131.

*F. L. Laird* and *M. C. Webber* for the defendant.

In order to maintain a suit on an executor's bond for failure to pay over funds to a trustee, there must have been an order of the probate court to that effect.

The *Probate Court* v. *Kent,* 49 Vt. 380; *Probate Court* v. *Kimball,* 42 Vt. 320.

The office of executor and trustee are distinct and separate.

*Duggett* v. *White,* 128 Mass. 389; *In re Higgins,* 15 Mont. 474, 28 L. R. A. 116; *Warner* v. *Sprigg,* 62 Md. 14; Matter of Roosevelt, 5 Reff. Surr. 601.

Where a trustee has mingled trust funds with his own and used a part thereof, the presumption is that the funds used were his own. 39 Cyc. 539; *Standish* v. *Babcock,* 52 N. J. Eq. 6, 8, 29 Atl. 327.

MILES, J. This is an appeal from the probate court to the county court upon the disallowance of a claim against the estate

of James W. Brock, as surety on a probate bond of one Christopher C. Putnam, Jr., executor of the last will and testament of his father, Christopher C. Putnam, Sr. The case was tried by the county court where judgment was rendered for the plaintiff as a contingent claim. To this judgment both parties excepted, the plaintiff on the ground that it should have been an absolute judgment without any contingency, and the defendant on the ground that no judgment should have been rendered against\ the defendant, but should have been rendered in its favor.

[1, 2] The court erred in rendering a judgment as a contingent claim. If the defendant was at all liable, the liability was direct; for, if there were a breach of the executor's bond, Brock's liability did not depend upon some future event. In that case he stood directly charged upon the bond. A contingent claim under the statute is one that cannot be proved as a debt before the commissioners nor allowed by them, because the liability is dependent upon some future event that may or may not happen. *Brown's Executors* v. *Dunn's Estate*, 75 Vt. 264, 55 Atl. 364. The judgment should have been without contingency for either the plaintiff or defendant, and the question is: For which should it have been, each party claiming that it should have been in his or its favor?

The court found that Christopher C. Putnam, Sr., deceased leaving a will in which Christopher C. Putnam, Jr., was named executor. The will, among other things, provided as follows: "I give and bequeath to Christopher C. Putnam, Jr., in trust the sum of ten thousand dollars, and if it be necessary in order to constitute said trust fund to convert any of my real estate into personalty, I devise to Christopher C. Putnam, Jr., sufficient of my real estate in trust with power of sale to make up said fund of ten thousand dollars in trust; and, if in the judgment of the trustee it is as well to constitute a part of said ten thousand dollar trust fund of realty now owned by me I devise to him in trust (but always with power of sale) real estate to the amount necessary to make the trust property set aside amount to ten thousand dollars; and this gift, devise and bequest of ten thousand dollars is upon the following trust: 1st, to pay the income and interest arising therefrom yearly to or in and for the care of my daughter, Harriet, during her natural life; 2nd, to

pay such part of the principal sum to or in and for the care of
my daughter, said Harriet, from time to time as her proper care
and her comfort shall reasonably demand.''

The father and son, at the time of the death of the father,
were partners, each owning an equal and undivided one-half in-
terest in the partnership property. From the inventory of the
property coming into the hands of Christopher C., Jr., it appears
that the entire estate of the testator consisted of his interest in
this partnership property.

On March 30, 1899, Christopher C., Jr., shortly after his
father's death, duly qualified as executor of the will by filing a
bond, as required by law and the order of the probate court, and
James W. Brock, against whose estate the plaintiff's claim is
prosecuted, became surety on that bond. Thereupon Christopher
C., Jr., entered upon the administration of his father's estate.
He had the entire partnership property inventoried as belonging
to the estate of Christopher C. Putnam, Sr., and the same so
remained until October 11, 1913, when the executor for the first·
time settled his account. Upon that settlement he charged him-
self with one-half of the partnership property and with
$10,258.96, as the income received from gain on personal prop-
erty sold belonging to the testator's estate, in all amounting to
$40,689.00. Against this sum he credited himself with funeral
expenses, costs of administration, erection of a mounment pro-
vided for in the will, payment of debts against the estate, pay-
ment of taxes and insurance, payment of the two legacies of one
hundred dollars each, and ten thousand dollars set aside as a
trust fund for the testator's daughter, Harriet. This left in his
hands, at the time of the settlement of his account, $29,853.00
available assets belonging to the testator's estate. This amount
was made up of $10,000.00 of personal property and $19,853.00
of real estate. This appears, not only from the account itself,
but also from the express findings that at that time the estate
had sufficient funds to cover the trust; the term ''funds'' being
manifestly used in the usual commercial sense, as meaning money,
stocks, bonds, securities, etc. *United States* v. *Greve* (D. C.), 65
Fed. 488; *Hasbrook* v. *Palmer,* 11 Fed. Cas. 766; *Ayers* v. *Law-
rence,* 59 N. Y. 192; *Galena Ins. Co.* v. *Cupfer,* 28 Ill. 332, 81
A. D. 284; *Hatch* v. *First National Bank,* 94 Me. 348, 47 Atl. 908,
80 A. S. R. 401.

[3, 4]  Immediately following that settlement he filed a bond, to the satisfaction of the probate court, for the faithful performance of his duties as trustee.  But having held this fund in the first instance as executor, in order to invest himself with title to it as trustee, it was necessary for him to do some act, in addition to the filing of such bond, from which it can be fairly inferred that he had elected to hold the fund in the latter character.  *Story's Admr.* v. *Hall,* 86 Vt. 31, 83 Atl. 653, 40 L. R. A. (N. S.) 1136, Ann. Cas. 1915B, 1187.  That he so elected fairly appears from the record that when he filed his bond as trustee he charged himself with the trust fund under that character, and thereafter, as seen from his itemized account as trustee, filed December 1, 1913, and finally settled September 14, 1918, the probate court then finding in his hands belonging to the trust fund, the sum of $8,911.38.  His course of action with reference to such fund, was appropriate to his character of trustee, in which it was his duty under the will to hold it, and inappropriate to his character of executor.  When he charged the trust fund to himself as trustee, his liability for it in that character became perfected, and consequently the surety on his bond as executor was relieved from liability for any subsequent default of duty, if such there be, in connection with that fund.  *In re Scott's Account,* 36 Vt. 297.  Whether there was any such default by him as trustee, and consequent liability on his bond in that character, we have no occasion to inquire, nor need we inquire, as to the existence of any lien on the property which passed into the hands or possession of the trustee in bankruptcy, in favor of the *cestui qui trust,* or of the trust fund.

[5]  The plaintiff, however, contends that the condition of the executor's bond was broken before Christopher C., Jr., elected to hold the fund as trustee, by failure to set the fund aside, and by the false statement in his final account as executor, that he had set it aside. · But neither of these contentions is sustainable.  As to the first, we may assume that in the circumstances shown by the record, and under the law as laid down in the case of *In re Scott's Account,* cited above, Christopher C., Jr., as executor, might have transferred the trust fund to himself as trustee, without a prior order therefor from the probate court, yet such a transfer would have been voluntary, and one in law he was not obliged to make.  Besides, by the ex-

press provisions of the will the fund was to be set aside by him as trustee.

[6-8]   As to the second, he followed the usual practice in the settlement of estates.   He credited himself with the amount to be paid on the trust legacy under the decree of distribution. But the mere act of crediting himself as executor with the amount found to be due and unpaid on that legacy was not evidence, nor a representation, that it had in fact been paid to the one entitled thereto as trustee.   *Probate Court* v. *Vanduzer*, 13 Vt. 135.   As claimed by the defendant, the executor could not be sued for non-payment of the trust legacy until his liability had been determined by a decree of the probate court (*Davis* v. *Flint's Estate*, 67 Vt. 485, 32 Atl. 473; *Probate Court* v. *Kimball*, 42 Vt. 320) ; but the settlement of the executor's account in this case, amounted and was equivalent to such a decree.   *Probate Court* v. *Vanduzer, supra.*

*Judgment reversed and judgment for defendant to recover its costs.   To be certified to the probate court.*