CELIA KREICHMAN *v.* JOHN H. WEBSTER, ADMR.

October Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 1, 1938.

106

*Wm. R. McFeeters* for the defendant.

*Max L. Powell* and *Sylvester & Ready* for the plaintiff.

SHERBURNE, J. This is an action upon a contingent claim under P. L. 2944. The first count is in the common counts with a

specification. The second count is special. The case comes here before final judgment upon defendant's exceptions to the overruling of his motion to dismiss each count of the declaration upon the ground that the county court has no jurisdiction and that exclusive jurisdiction is in the probate court.

Our statutory provisions about contingent claims are contained in chapter 128, secs. 2940-2950, of the Public Laws. We quote below from certain of these sections so far as material here:

> "Sec. 2940. If a person is liable as surety for the deceased, or has other contingent claims against his estate which cannot be proved as a debt before the commissioners or allowed by them, the same may be presented with the proof, to the probate court, or to the commissioners, who shall state in their report that such claim was presented to them.

> "Sec. 2941. If the court is satisfied from the report of the commissioners or by the proof exhibited that such contingent claim is valid, it may order the executor or administrator to retain in his hands sufficient estate to pay such contingent claim when the same becomes absolute, or if the estate is insolvent, sufficient to pay a proportion equal to the dividend of the other creditors.

> "Sec. 2942. If such contingent claim becomes absolute and is presented to the probate court, or to the executor or administrator, within two years from the time limited for other creditors to present their claims, it may be allowed by the probate court, if not disputed by the executor or administrator, and, if disputed, it may be proved before the commissioners already appointed, or before others to be appointed for that purpose, as if presented for allowance before the commissioners had made their report.

> "Sec. 2943. If such contingent claim is allowed, the creditor shall receive payment to the same extent as the other creditors, if the estate retained by the executor or administrator is sufficient; but if the claim is not established within the time limited in the preceding section, or if the assets re-

tained in the hands of the executor or administrator are not exhausted in the payment of such claim, such assets, or the residue of them, shall be disposed of by the order of the probate court to the persons entitled to the same.

"Sec. 2944. When the claim of a person accrues or becomes absolute after the time limited for creditors to present their claims, the person having such claim may present it to the executor or administrator within one year after it accrues and the executor or administrator shall pay it, if, at the time of presenting it, he has sufficient assets and shall pay such part as he has assets to pay; * * *.

"Sec. 2945. When a claim is so presented to the executor or administrator and he has not sufficient assets to pay the whole of the claim, the creditor may recover the balance thereof against a part or all of the heirs, devisees or legatees who have received real or personal property from the estate * * *.

"Sec. 2950. If an action is commenced against an executor or administrator, on a contingent claim which has not been presented to the commissioners and for the payment of which sufficient assets have not been retained, the executor or administrator may plead to such action that he has fully administered the estate which has come to his possession or knowledge; and if it appears that he had fully administered at the time the claim was presented and had no assets which could lawfully be appropriated for that purpose, he shall be discharged and shall recover his costs; but if it is found that he had assets sufficient to pay only a part of such claim, judgment shall be rendered against him for such sum only as is equal to the amount of assets in his hands."

A contingent claim under the statute is one "where the liability depends upon some future event which may or may not happen, and therefore makes it now wholly uncertain whether there ever will be a liability." *Sargent's Admr.* v. *Kimball's Admr.*, 37 Vt. 320, 321; *Vermont-Peoples' Nat. Bank* v. *Robbins' Est.*, 105 Vt. 283, 288, 166 Atl. 6. See, also, *Kemp*,

*Trustee* v. *Estate of Brock*, 96 Vt. 347, 350, 119 Atl. 396. It is one that "cannot be presented as a debt before the commissioners." Although contingent at the time of the decease of the debtor, if it becomes absolute before the time limited for creditors to present their claims for allowance by the commissioners it must then be presented to them for allowance as an absolute claim, or it will be barred. *Lytle* v. *Estate of Bond,* 39 Vt. 388.

 It is clear from the first four sections of this chapter that although a contingent claim cannot be allowed until it becomes absolute, they enable a claimant upon proper showing to get an order from the probate court that sufficient estate be retained to pay the claim, at least *pro rata* with other claims, and, if the claim becomes absolute and is presented for allowance within two years from the time limited for other creditors to present their claims, and is allowed, to have it paid from the estate so retained to the same extent as other claims. It is optional with a claimant whether he will avail himself of these provisions. If he does not, or if his claim does not become absolute within such time, he may under sec. 2944 present his claim to the executor or administrator within one year after it becomes absolute, but in such event he runs the risk of receiving a smaller dividend than the other creditors, as, although under sec. 2945 he may look to the heirs, devisees or legatees to make up a deficiency, there is no provision making a creditor who has received his pay share with him.

██ In maintaining that the county court is without jurisdiction of this suit, the defendant calls our attention to P. L. 2723 providing that the probate court shall have jurisdiction of the settlement of estates, and says that our cases have many times held that this jurisdiction is exclusive. We have held that under our statutes the probate court is given plenary and exclusive jurisdiction in the matter of the settlement of estates. *Smith* v. *White's Est.*, 108 Vt. 473, 479, 188 Atl. 901; *Mathews* v. *Drew,* 106 Vt. 245, 247, 172 Atl. 638; *Vermont-Peoples' Nat. Bank* v. *Robbins' Est., supra,* 105 Vt. 283, 289, 166 Atl. 6; *In Re Fisher's Est.,* 104 Vt. 37, 156 Atl. 878. This holding does not mean, however, that no action can be brought in other courts against an executor or administrator to try certain types of claims, a few instances of which will be later noted.

■ Under the provisions of P. L. 2834 and 2842 all claims of an absolute or legal nature against a person at his death must be presented before the commissioners on his estate, within the time limited, or they will be barred. *Smith* v. *White's Est., supra*; *Abraham, Exr.* v. *Jones, Admr.*, 107 Vt. 77, 176 Atl. 310. P. L. 2849 provides that, when commissioners are appointed, an action shall not be commenced or prosecuted against the executor or administrator, except actions of ejectment, or other actions to recover seisin and possession of real estate, and actions of replevin. From the foregoing it will be seen that even if commissioners are appointed certain actions are excepted, and if for any reason the appointment of commissioners is omitted a claim which is not otherwise barred may be prosecuted against the executor or administrator. P. L. 2876.

■ We are satisfied that sec. 2950 contemplates that an action may be brought against the executor or administrator upon a claim presented pursuant to sec. 2944. It is so stated in *McKillop* v. *Burton's Admr.*, 82 Vt. 403, 407, 74 Atl. 78. See, also, *Atherton, Admr.* v. *Fullam, Exr.*, 55 Vt. 388.

*Judgment overruling the motion to dismiss affirmed, and cause remanded.*