EDITH A. O'CONNOR *v.* ESTATE OF RUSHMORE LAPE.

Special Term at Rutland, November, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 3, 1939.

*Philip M. M. Phelps* for the defendant.

*Andrew C. Calvi* and *Fenton, Wing & Morse* for the plaintiff.

JEFFORDS, J. This is an appeal from the probate court for the district of Fair Haven to the Rutland county court upon the disallowance of a claim presented by the plaintiff as a contingent claim under P. L. sec. 2940. The case was tried in county court without jury where judgment was rendered for the plaintiff as a contingent claim. To this judgment the defendant excepted and comes here on this exception.

It is shown by the facts found that on September 30, 1927, Rushmore Lape and his wife Rosena gave a warranty deed to the plaintiff, their daughter, of certain premises located in Fair Haven. This deed contained full covenants of warranty. The said grantors had on August 1, 1927, placed a mortgage on the premises in question to secure a note in the principal amount of $1,500. The said mortgage has not been satisfied nor discharged of record and is a valid incumbrance on the said premises, and

was such at the time of their conveyance to the plaintiff. The plaintiff had no actual knowledge of the existence of the note and mortgage until after the death of Rushmore, which occurred May 3, 1935. Rosena had also deceased before time of trial. One Dayton is now the owner and holder of said note and mortgage and there is now due and owing upon the note the principal sum of $1,500 and interest thereon since July 1, 1935.

The court also found that by reason of the existence of said mortgage there has been a breach of warranty in the deed with respect to incumbrances and the defendant is liable therefor. That said mortgage deed has not been asserted against the plaintiff as a paramount title to the premises and that plaintiff's claim is contingent, depending upon whether in the future an attempt is made to assert such mortgage deed as a paramount title to the premises, to the prejudice of the plaintiff.

It also found that plaintiff's claim for such breach of warranty is a claim which could not have been proved before the commissioners of the estate as an absolute debt, and could not have been so allowed by them. It then found that it was a valid existing contingent claim and allowed it against the defendant estate.

Judgment was rendered in favor of the plaintiff in the amount of $2,000 and costs as a contingent claim against the defendant.

The court made a further judgment order for retention of funds by the executrix in accordance with the provisions of P. L. sec. 2941.

Section 2940 of the Public Laws reads as follows:

> "If a person is liable as surety for the deceased, or has other contingent claims against his estate which cannot be proved as a debt before the commissioners or allowed by them, the same may be presented, with the proof, to the probate court, or to the commissioners, who shall state in their report that such claim was presented to them."

A contingent claim under the statute is one "where the liability depends upon some future event, which may or may not happen, and therefore makes it now wholly uncertain whether there ever will be a liability." *Kreichman* v. *Webster*,

110 Vt. 105, 2 Atl. (2d) 199, 200; *Sargent's Admr.* v. *Kimball's Admr.,* 37 Vt. 320, 321. It is one that cannot be proved as a debt before the commissioners nor allowed by them. *Kreichman* v. *Webster, supra; Vermont-Peoples Nat. Bank* v. *Robbin's Est.,* 105 Vt. 283, 288, 166 Atl. 6; *Kemp, Tr.* v. *Est. of Brock,* 96 Vt. 347, 350, 119 Atl. 396; *Brown's Exr.* v. *Dunn's Est.,* 75 Vt. 264, 269, 55 Atl. 364.

The mortgage being on the premises when the deed was given by Rushmore to the plaintiff, the covenant in the deed as to incumbrances was then breached but this breach with nothing more would only allow the plaintiff a right of action against Rushmore or his estate for nominal damages. *Clark* v. *Winchell,* 53 Vt. 408; *Cole* v. *Kimball,* 52 Vt. 639; *Richardson* v. *Door,* 5 Vt. 9, 19; annotation, 61 A. L. R. 1, 61; annotation, 44 A. L. R. 410.

A claim for nominal damages for breach of warranty as to incumbrances is contingent within the meaning of P. L. sec. 2940 and it does not become absolute and a debt under the statute until a paramount title has been asserted to the prejudice of the plaintiff. The following cases are full authority for this holding: *McKillop* v. *Burton's Admr.,* 82 Vt. 403, 74 Atl. 78; *Clark* v. *Winchell, supra; Boyd* v. *Bartlett,* 36 Vt. 9; *Blackmer* v. *Admr. of Blackmer,* 5 Vt. 355. See, also, *South Milwaukee Co.* v. *Murphy,* 112 Wis. 614, 88 N. W. 583, 58 L. R. A. 82, and cases collected in note to same at pages 88 and 89.

It is here found that the mortgage deed has not been asserted as a paramount title; therefore the claim of plaintiff is contingent, depending upon the uncertain event of whether or not the mortgage will ever be so asserted to the prejudice of the plaintiff.

Being contingent the plaintiff's claim could not be proved as a debt before the commissioners nor allowed by them as such. The plaintiff pursued the proper course in presenting the same under P. L. § 2940.

The cases cited by the defendant in its brief have all been examined and none conflict with the decision here.

Two other points are mentioned by the defendant in its brief but neither of these questions is supported by argument or citation of authority. We have repeatedly held that this is insufficient briefing and consequently these questions are not

considered.  *Vlahos* v. *Rutland Restaurant,* 105 Vt. 228, 164 Atl. 377.

■ We think that the wording of the judgment order should be changed somewhat so as to conform with the requirements of the statute. Consequently the judgment order is amended to read as follows:

*Judgment that the claim as presented to the Probate Court in the amount of $1,500 and interest thereon from July 1, 1935, is a contingent claim within the meaning of the statute.*

*It is furthered ordered that the defendant, Ora M. Dayton, Executrix, retain in her hands sufficient estate to pay such contingent claim when the same becomes absolute, or, if such estate is insolvent, to retain a sufficient amount to pay a proportion equal to the dividends of other creditors, to be so retained by her for the period required by statute. Let the plaintiff recover her costs in this court and in the court below. Let this be certified to the probate court.*